

FILED
JUL - 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT
...ERN DIST...

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MAR 3 1 2008

FILED
DOCKETED
DATE
INITIAL

IN THE UNITED STATES

NINTH CIRCUIT COURT OF APPEALS

OF SAN FRANCISCO COUNTY OF CALIFORNIA

CV 08        3298   PJH   (PR)

MR. DAVID VELASQUEZ (D-75915
PETITIONER,

VS.

MR. ROBERT. A. HORREL
RESPONDENT,

PETITION FOR WRIT
OF HABEAS CORPUS

530
NW

E-filing

PETITIONERS WRIT OF HABEAS CORPUS

PETITION FROM THE JUDGEMENT OF ADMINISTRATIVE
APPEAL REVIEWER(S) OF THE CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION.

008-3298 PDH

# TOPICAL INDEX

MC-275 WRIT FOR HABEAS CORPUS FORM . . . . . . . . . . i - ix.

VERIFICATION . . . . . . . . . . . . . . X.

INTRODUCTION . . . . . . . . . . . . . . 1-2.

PARTIES . . . . . . . . . . . . . . . . 3.

STATEMENT OF FACTS . . . . . . . . . . . . 4-6.

CONTENTIONS . . . . . . . . . . . . . . 7-8.

GROUNDS . . . . . . . . . . . . . . . 9-20.

MEMORANDUM OF POINTS AND AUTHORITY . . . . . . . 21-26.

EXHIBIT A; PETITIONERS 114-D Lock UP ORDER

Exhibit B; PETITIONERS 128-B GANG ACTIVITY (SYMbols)

Exhibit C; CONFIDENTIAL INFORMATION (Address)

EXHIBIT D; CONFIDENTIAL INFORMATION (WRITTEN MATERIAL)

Exhibit E; GANG INFORMATION CHRONO

Exhibit F; VALIDATION HEARING

EXHIBIT G; VALIDATION STATEMENT

EXHIBIT H; 128-B-2

EXHIBIT I; 114-D AND 128-G (SHU PLACEMENT HEARING)

Exhibit J; INMATE APPEAL

Exhibit J.a.; SECOND level RESPONCE

Exhibit J.b; Third level RESPONCE

(#5-CULTURAL DRAWINGS)

(EXHIBIT K; INLAE; SELF SEGMENT + LAYLE)

Name MR. DAVID VELASQUEZ

Address PELICAN BAY STATE PRISON 221 SHU.

Post OFFICE 7500

CRESCENT CITY, CA, 95531-7500

CDC or ID Number D-75915

MC-275

## IN THE UNITED STATES NINTH CIRCUIT COURT OF APPEALS OF SAN FRANCISCO COUNTY OF CALIFORNIA

MR. DAVID VELASQUEZ (D-75915)
Petitioner

vs.

ROBERT A. HORREL (WARDEN)
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☑ Other (specify): PRISON GANG VALidATION And/OR SEGREGATION

1. Your name: MR. DAVId VELASQUEZ

2. Where are you incarcerated? PELICAN BAY STATE PRISON

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

PETITIONER dOES Not challenge the bASIS of hIS CRIMINAL CONVICTION

And SENTENCE IN these PROCEEdINGS.

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: _____

_____

d. Case number: _____

e. Date convicted or committed: _____

f. Date sentenced: _____

g. Length of sentence: _____

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☐ Yes. ☐ No. If yes, state the attorney's name and address:

_____

_____

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

MC-275 [Rev. July 1, 2005]            **PETITION FOR WRIT OF HABEAS CORPUS**            Page two of six

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PRISON GANG VALIdATION ANd SEGREGATED HOUSING UNIt tERM VIOlATES
PETITIONERS fOURTEENTH AMENdMENT RIGHT UNdER THE dUE PROCESS CLAUSE;
SIXTH AMENdMENT RIGHT TO A fAIR (TRIAl/HEARING) ANd EIGTH AMENdMENT RIGHT
TO bE EXEMPT fRom CRUEl ANd UNUSUAl PUNISHMENT.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

SEE, SUPPORTING fActs AttAchEd hEREtO.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE, MEMORANdUM of POINts ANd AUTHORITIES AttAchEd hEREtO.

iii

6. GROUNDS FOR RELIEF

**Ground 1.** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PRISON OFFICIALS HAVE VALIDATED PETITIONER AS AN ACTIVE PRISON GANG MEMBER/ASSOCIATE AND RETAINED HIM IN THE SECURITY HOUSING UNIT BASED ON false, UNRELIABLE AND INSUFFICIENT INFORMATION which CONSTITUTES A VIOLATION of his 14th AMENDMEND RIGHTS to dUE PROCESS AND 6th to A FAIR TRIAL.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

1. SEE, SUPPORTING Facts Attached hereto.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE, MEMORANDUM of POINTS AND AUTHORITIES Attached hereto.

7. **Ground 2 or Ground** _3_ *(if applicable):*

PRISON OFFICIALS HAVE A POLICY AND PRACTICE OF PLACING AND RETAINING PRISONERS IN the SECURITY HOUSING UNIT bASED ON MERE ALLEGATIONS OF GANG AFFILIATION, RAther thAN MISCONDUCT, WhICH theREbY CREATES A lIbERTY ISSUE IN VIOlAtION OF PEtItIONERS 14th And 8th AMENdMENt RIGhts

a. Supporting facts:

SEE SuppORTING fActs AttAched hERETO.

b. Supporting cases, rules, or other authority:

SEE, MEMORANdUM OF POINts ANd AuthORITIES AttAched hERETO.

**PETITION FOR WRIT OF HABEAS CORPUS**

7. Ground 2 or Ground ___4___ (if applicable):

PRISON OFFICIALS ENFORCE VAGUE AND OVERBROAD REGULATIONS that INFRINGE UPON PETITIONER'S FREE AND INNOCENT SPEECH AND CONDUCT which VIOLATES HIS FIRST (1st) AND fourteenth AMENDMENT RIGHTS Under the UNITED STATES CONSTITUTION.

a. Supporting facts:

SEE, SUPPORTING facts Attached hereto.

b. Supporting cases, rules, or other authority:

SEE, MEMORANDUM of POINTS AND AUTHORITIES Attached hereto.

7. Ground 2 or Ground __5__ *(if applicable):*

PRISON OFFICIALS ARE ENFORCING PRISON GANG REGULATIONS THAT HAVE NOT BEEN PROMULGATED PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT (APA) WHICH ULTIMATELY CONSTITUTED A VIOLATION OF PETITIONERS DUE PROCESS RIGHTS.

a. Supporting facts:
SEE, SUPPORTING FACTS ATTACHED HERETO.

b. Supporting cases, rules, or other authority:
SEE, MEMORANDUM OF POINTS AND AUTHORITIES ATTACHED HERETO.

MC-275 (Rev. July 1, 2005).                PETITION FOR WRIT OF HABEAS CORPUS                Page four of six

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   b. Result _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

      _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No. If yes, give the following information:

   a. Result _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____

   _____

11. Administrative Review:
   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App 3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   PETITIONER EXHAUSTED ADMINISTRATIVE REMEDIES by SUBMITTING
   AN INMATE APPEAL FORM (CDC 602) to the highest LEVEL of ADMINISTRATIVE
   REVIEW AVAILABLE. TAB CASENo. 0608190 ; LocAL Log NO. ; CAL 06-02444
   (See Ex.    (CDC 602 FoRM.))

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?  ☑ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)              **PETITION FOR WRIT OF HABEAS CORPUS**              Page five of six



12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _This is Petitioners Initial habeas corpus on this issue._

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   _There are no delays. All time contraints have been met._

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   _This Court has Jurisdiction over this Petition._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _3-27-08_                              ► _____ (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]              **PETITION FOR WRIT OF HABEAS CORPUS**              Page six of six

IX.

PROOF OF SERVICE BY MAIL

(C.C.P. SECTION #2015.5; 28 U.S.C. SECTION 1746)

I, DAVID VELASQUEZ _____ , AM A RESIDENT OF PELICAN BAY STATE PRISON,
IN THE COUNTY OF DEL NORTE, STATE OF CALIFORNIA. I AM OVER THE AGE OF
EIGHTEEN (18) YEARS AND     A PARTY TO THE ENTITLED ACTION.

MY STATE PRISON ADDRESS IS: POST OFFICE BOX 7500, CRESCENT CITY,
CALIFORNIA, 95532. ON THE 27 DAY OF MARCH, 2008, I SERVED
THE FOLLOWING (SET FORTH THE EXACT TITLE OF DOCUMENTS SERVED);-
3/THREE COPIES OF WRITE OF HABEAS CORPUS 1/ONE COPY OF OPPOSITION
TO ATTORNEY GENERAL THAT WAS DENIED IN THE IN THE COURT OF APPEALS
DIVISION-ONE CASE NO. A-119898 AND I.F.P. DOCUMENTS ARE ENCLOSED
AS WELL.

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A
SEALED ENVELOPE, WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL,
IN A DEPOSIT BOX SO PROVIDED AT PELICAN BAY STATE PRISON, CRESCENT CITY,
CALIFORNIA 95532, ADDRESSED AS FOLLOWS.
SAN FRANCISCO, CALIFORNIA
U.S. COURT       OF APPEALS            _____
                                       _____
BUILD, 95 SEVENTH ST,                  _____
SAN FRANCISCO CA. 94103.               _____
THERE IS DELIVERY SERVICE BY UNITED STATES MAIL TO THE PLACE SO ADDRESSED
AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE
OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.

DATE: 3-27-2008                    X_____
      X                              DECLARANT SIGNATURE

X

## INTRODUCTION

ON MAY 5th, 2006, PETITIONER WAS REMOVED from the CalzPATRIA State PRISON GENERAL POPULATION YARD ON ACCOUNT OF AN INFORMATION WHICH WAS RECEIVED BY THE INSTITUTIONAL GANG INVESTIGATION UNIT (IGI), WHICH ALLEGED THAT THE PETITIONER WAS BEING INVESTIGATED to SUBSTANTIATE IF HE IS AN ASSOCIATE OF THE MEXICAN MAFIA PRISON GANG. ON JULY 12th, 2006, ASSISTANT INSTITUTIONAL GANG INVESTIGATOR E. DUARTE disclosed ALL INFORMATION USED to SHOW PETITIONER ASSOCIATED WITH ACTIVE MEXICAN MAFIA PRISON GANG MEMEMBER. [I WILL BE REFERED to AS "EME" throughout].
   The following IS the EVIDENCE discovered AND disclosed AS A RESult of the INVESTIGATION:

1. CONFIDENTIAL CALIFORNIA DEPARTMENT of CORRECTIONS AND Rehabilitation (CDCR) 128 B dated June 20th, 2006, AUTHORED BY OFFICER E. DUARTE, details the discovery of the Phone/Address book of PETITIONER WHICH CONTAINED A KNOWN NAZI drop Address for COMMUNICATING WITH EME (supra) MEMBERS/ASSOCIATES. [MOREOVER] It discloses that PETITIONER, MAINTAINED this address WHERE A third PARTY CAN, ASSIST him IN forWARDING GANG COMMUNICATIONS without the detection of Staff.

2. CONFIDENTIAL MEMORANDUM dated July 10, 2004, AUTHORED BY E. DUARTE, IDENTIFIED PETITIONER AS POSSESSING WRITTEN MATERIAL directly related to EME PRISON GANG ACTIVITIES.

3. CDC (supra) 128 B dated June 20, 2006, AUTHORED BY OFFICE E. DUARTE details the discovery of SEVERAL MATERIALS located INSIDE A letter Addressed to PETITIONER. The Contents CONTAINED the symbol IDENTIFIED AS the "MACHACHONE/", WHICH SIGNIFIES the NUMBER "13". The NUMBER "13" CORRESPONDS to the letter "M" WHICH IN SPANISH IS PRONOUNCED EME. IN the PRISON culture the "13" AND the letter "M" directly correspond to the EME PRISON GANG. WELL KNOWN EME MEMBERS USE this symbol to IDENTIFY themselves with the EME.

Subsequently, PETITIONER WAS validated AS AN ASSOCIATE of the EME ON August 23, 2006, The foregoing THREE Source documents WAS used to REACH this decision. Shortly thereafter the Institutional Classification Committee MOVED to have PETITIONER transferred to PELICAN BAY SEGREGATED HOUSING UNIT for AN INDETERMINATE PLACEMENT. PETITIONER APPEALED.

BY WAY OF ADMINISTRATIVE APPEAL PETITIONER CONTESTED THE
ACCUSATION OF HIM BEING AN ASSOCIATE OF THE MEXICAN MAFIA PRISON
GANG (EME) ON SEPTEMBER 20, 2006 (SEE EX. **J** INMATE APPEAL LOG NO. CAL-S-
06-02444). PETITIONER ALLEGED IN HIS APPEAL THAT THE EVIDENCE USED
TO VALIDATE HIM AS AN ASSOCIATE OF THE EME WAS: DISCRIMINATORY,
VAGUE AND OVER-BROAD, CONCOCTED, MISREPRESENTED AND MANUFACTURED.
NEVERTHELESS, PETITIONER'S APPEAL WENT TO NO AVAIL, AS HE WAS DENIED
ON ALL LEVELS OF ADMINISTRATIVE REVIEW AVAILABLE, WHICH BRING
MATTERS TO THE INSTANCE, WHEREIN PETITIONER IS NOW SEEKING RELIEF
AND JUSTICE FROM THIS HONORABLE COURT BY WRIT OF HABEAS CORPUS.

## PARTIES

PETITIONER DAVID VALASQVEZ, IS A PRISONER OF the State of CALIFORNIA INCARCERATED At CALIPATRIA State PRISON.

L.E. SCRIBNER IS the WARDEN of CALIPATRIA State PRISON And lEGAl CustodiAN of PETITIONER.

JAMES GOMEZ IS the DIRECTOR of the CALIFORNIA dEPARTMENT of CORRECTIONS And RehAbilitAtion (CDCR) And IS RESPONSIblE foR the operation of EACh of Its state PRISONS, INCludING the operation of CALIPATRIA State PRISON.

## STATEMENT OF FACTS

ON MAY 5th 2006, PETITIONER WAS PLACED IN ADMINISTRATIVE SEGREGATION (AD.SEG) PENDING INVESTIGATION INTO HIS GANG STATUS AND INVOLVEMENT WITH THE MEXICAN MAFIA PRISON GANG (EME). (SEE EX A . CDC 114-D LOCK UP ORDER.) THE INVESTIGATION INTO PETITIONER IN-VOLVEMENT BEGAN ON THURSDAY, APRIL 27, 2006 WHEN ASSISTANT INSTITUTIO-NAL GANG INVESTIGATOR E. DUARTE, SEARCHED THE PROPERTY OF PETITIONER AND DISCOVERED SEVERAL MATERIALS LOCATED INSIDE A LETTER ADDRESSED TO PETITIONER. E. DUARTE REPORTED THAT IN HIS REVIEW OF THE CONTENTS HE, DISCOVERED THE SYMBOL OF TWO (2) LINES THREE (3) DOTS ON THE BACK OF THE FORM. E. DUARTE, NOTED IN A 128-B (INFORMATIVE CHRONO) THAT THROUGH HIS YEARS OF EXPERIENCE, AS A GANG INVESTIGATOR, HE KNOWS THIS SYMBOL TO BE CALLED "THE MACTLACTLOME" WHICH IS THE MAYAN SYMBOL FOR THE NUMBER (13) THIRTEEN AND IS USED BY THE SOUTHERN HISPANIC IN-MATES TO SHOW LOYALTY TO THE (EME). (SEE EX. B . E. DUARTE 128-B ). ON JULY 12, 2006; E. DUARTE DISCLOSED ALL INFORMATION USED IN THE EFFORT TO VALIDATE PETITIONER AS AN ASSOCIATE OF THE (EME). THE FOLLOWING THREE (3) SOURCE DOCUMENTS WAS DISCOVERED AS A RESULT OF THE INVESTIGATION : 1.) "POSSESSION OF AN ADDRESS WHERE A THIRD PARTY CAN ASSIST HIM [PETITIONER] IN FORWARDING GANG COMMUNICATIONS . THE ADDRESS IS USED BY MEXICAN MAFIA MEMBERS/ASSOCIATES." (SEE EX.C. CONFID-ENTIAL DISCLOSURE FORM.) : 2.) "POSSESSION OF WRITTEN MATERIAL REGARDING MEXICAN MAFIA (EME) PRISON GANG ACTIVITY, BY USING WRITTEN CORRESPONDENCE." (SEE EX.D . CONFIDENTIAL DISCLOSURE FORM.) : 3.) "MATERIAL THAT CONTAINED THE SYMBOL IDENTIFIED AS THE "MACTLACTLOMEL", WHICH SIGNIFIES THE NUMBER "13". "(SEE EX. E . CONFIDENTIAL DISCLOSURE FORM.)

BASED ON THE INFORMATION CONTAINED IN THE AFOREMENTIONED DOC-UMENTS, PETITIONER WAS SAID TO HAVE DEMONSTRATED THAT HE IS AN ACTIVE ASSOCIATE OF THE (EME) PRISON GANG AND THIS WAS, RECOMMENDED BY THE INSTITUTIONAL GANG INVESTIGATOR TO BE VALIDATED AS SO. (SEE EX. F GANG INFORMATION CHRONO.)

On WENSDAY JULY 17, 2006, GANG INVESTIGATOR M. TAMAYO CONTACTED PETITIONER IN HIS HOUSING UNIT TO CONDUCT A PRE-VALIDATION INTERVIEW. PETITIONER WAS GIVEN THE OPPORTUNITY TO DISPUTE THE INFORMATION USED IN THE VALIDATION. IN PART, PETITIONER STATED THE FOLLOWING: "ON CONFIDENTIAL MEMORANDUM DATED JULY 10, 2006. HAD THE WRONG NAME AND CDC NUMBER ON IT." M. TAMAYA. TOOK NOTICE OF THIS ERROR AND AVERED THAT HE WOULD REDRESS THIS ERROR BY PUTTING THE CORRECT NAME AND CDC NUMBER ON IT. (SEE EX. F VALIDATION INTERVIEW.) MOREOVER, IN THE VALIDATION INTERVIEW PETITIONER SUBMITTED A WRITTEN VALIDATION STATEMENT WHICH READ IN PART THAT THE FIRST OF THE THREE (3) SOURCES USED TO DESIGNATE HIM AS AN ASSOCIATE OF THE (ENE) WAS FALSE: "I L.PETITIONER] DID NOT USE THESE SYMBOLS TO PROMOTE ANY KIND OF GANG ACTIVITY, I DID NOT EVEN KNOW THIS COULD BE USED AS EVIDENCE TO SUBSTANTIATE PRISON GANG (MEMBERSHIP/ASSOCIATION), I WRITE POEMS AND COLLECT THEM AS WELL, AND I ALSO DRAW. TO USE THESE SYMBOLS ARE JUST PART OF MEXICAN HISTORY, NOTHING MORE. AS TO THE SECOND SOURCE PETITIONER AVERED THE FOLLOWING: "THIS IS NOT TRUE IM NOT EVEN SURE WHAT ADDRESS THE I.G.I. ARE TALKING ABOUT; I DO NOT COMMUNICATE WITH ANY MEXICAN MAFIA MEMBERS/ASSOCIATES. AT THE TIME I WAS ALLEGEDLY IDENTIFIED I WAS ALREADY IN (AD-SEG). THERES NO SUCH ADDRESS." AND REGARDING SOURCE THREE PETITIONER STATED: "THIS INFORMATION IS FABRI- CATED, I HAVEN'T HAD ANY MATERIAL WRITTEN OR OTHERWISE REGARDING MEXICAN MAFIA ACTIVITIES. THIS IS A MISTAKE!, THE DISCLOSURE FORM DOES'NT EVEN HAVE MY NAME ON IT. IT HAS SOMEONE ELSE'S NAME: EDDIE CHAVEZ #H-25244... (SEE EX. G VALIDATION STATEMENT). M. TAMAVO, CONCLUDED THIS ITERVIEW STATING IN HIS CONCLUSION THAT THE INFORMATION INDICATES THAT PETITIONER IS AN ASSOCIATE WITH ACTIVE (ENE) MEMBERS/ASSOCIATES, AND THUS A VALIDATION PACKAGE IS BEING SUBMITTED TO THE OFFICE OF CORRECTIONAL SAFETY REQUESTING PETITIONER BE VALIDATED AS AN ACTIVE ASSOCIATE OF THE ENE (SEE EX. F (SUPRA)).

ON AUGUST 23, 2006, PETITIONERS WAS VALIDATED AS AN ASSOCIATE OF THE MEXICAN MAFIA PRISON GANG (SEE EX. H 128-B2). SHORTLY THEREAFTER PETITIONER WAS ISSUED A NEW LOCK-UP ORDER WHICH STATED IN PART THAT PETITIONER WOULD BE RETAINED IN (AD-SEG) PENDING ADMINISTRATIVE REVIEW AND TRANSFER TO A SECURITY HOUSING UNIT (SHU). (SEE EX I. 114-9)

ON SEPTEMBER 20th. 2006, PETITIONER FILED AN APPEAL ON this decision to validate him as an active associate of the (EME.). In his appeal Petitioner alleged that the Information used to validate him was false, unreliable, insufficient and discriminatory.

NEVERTHELESS, PETITIONERS APPEAL was denied on all administrative levels, based on the conclusion that: "In view of the evidence there was no good cause to modify the institutional findings. (SEE Ex. J Inmate Appeal and supplement; Ex. J.a. Second level decision; and Ex. J.b. Directors level Decision.)

PETITIONER, based upon the foregoing believes and thereby alleges that the CDOCR Administrative Reviewers made a mistake of Judgement by affirming Petitioners validation as an EME "Associate, when there were clear contradictions in the evidence relied upon to designate him as an associate. Petitioner brought light to these partialities in his appeal. For instance the initial document discovered which was said to be the two lines and three dot symbol (∴) which was said to be a "MAYAN" symbol thats called "MACtlactlome" which is used to represent the number "13" by southernHispanics to show there loyalty to the Mexica Mafia per "experienced" and "trained" IGI officer E. Duarte (see Ex. B)

HOWEVER, In contrast to officer E. Duarte the three dots and two LINES ARE cultural symbols which merely represents that a Prisoner is from Southern or Northern California, Thus the AZTEC NOT MAYAN symbols are written respectively: ∴ for Southerners (13) and ∷ for Northeners. Moreover, the word "MACtlactlome" when translated means "NOTHING". Thus, It is because of false, unreliable and insufficient Evidence as this that Petitioner submitts this writ for Habeas Corpus to this Honorable court for a fair and Impartial Review. (see, Exhibit K. "self-serving declaration.)

/

## CONTENTIONS

### I.

PRISON GANG VALIDATION AND SEGREGATED HOUSING UNIT TERM VIOLATES PETITIONERS FOURTEENTH AMENDMENT RIGHT UNDER THE DUE PROCESS CLAUSE, SIXTH AMENDMENT RIGHT TO A FAIR TRIAL, AND EIGHTH AMENDMENT RIGHT TO EXEMPTION FROM CRUEL AND UNUSUAL PUNISHMENT.

### II.

PRISON OFFICIALS HAVE VALIDATED PETITIONER AS AN ACTIVE PRISON GANG MEMBER/ASSOCIATE AND RETAINED HIM IN THE SECURITY HOUSING UNIT BASED ON FALSE, UNRELIABLE AND INSUFFICENT INFORMATION WHICH CONSTITUTED A VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS THEREBY CREATING A LIBERTY INFRINGEMENT MORE-OVER PETITIONERS SIXTH AMENDMENT RIGHTS WAS VIOLATED UNDER THE FAIR TRIAL CLAUSE.

### III.

PRISON OFFICIALS HAVE A POLICY AND PRACTICE OF PLACING AND RETAINING PRISONERS IN THE SECURITY HOUSING UNIT BASED ON MERE ALLEGATIONS OF GANG AFFILIATION, RATHER THAN MISCONDUCT, WHICH THEREBY CREATES A LIBERTY ISSUE IN VIOLATION OF PETITIONERS 14th AND 8th AMENDMENT RIGHTS.

### IV.

PRISON OFFICIALS ENFORCE VAGUE AND OVERBROAD REGULATIONS THAT INFRINGE UPON PETITIONERS' RIGHTS TO FREE AND INNOCENT SPEECH AND CONDUCT WHICH ULTIMATELY CONSTITUTES A VIOLATION OF HIS FIRST AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

# $\underline{V}$.

PRISON OFFICIALS ARE ENFORCING PRISON GANG
REGULATIONS THAT HAVE NOT BEEN PROMULGATED
PURSUANT TO THE ADMINISTRATIVE PROCEDURES
ACT (APA) WHICH ULTIMATELY CONSTITUTED A VIO-
LATION OF PETITIONERS DUE PROCESS RIGHTS,
UNDER THE FOURTEENTH AMENDMENT OF THE UNITED
STATES CONSTITUTION.

# STATEMENT OF FACTS

## I.

PRISON GANG VALIDATION AND SEGREGATED HOUSING UNIT
TERM VIOLATES PETITIONERS FOURTEENTH AMENDMENT RIGHT
UNDER THE LIBERTY AND DUE PROCESS CLAUSE, SIXTH AMEND-
MENT RIGHT AND EIGHT AMENDMENT RIGHT.

## Supporting facts:

### SEGREGATION

1. Petitioner has a created-state liberty interest
In freedom from Administrative segregation and SHU con-
finement (cal. code regs. tit 15, sections 3335(a), 3339(a)
and 3341.5(c)(3))

2. Once a prisoner has been validated as a prison
gang associate he is generally placed in the SHU for an
indeterminate term. This policy, however, "is not absolute".
An unspecified number of gang members or associates are
permitted to remain in the general population at the dis-
cretion of prison officials (cal. code regs., tit 15, sec. 3378(d))

3. To determine what would constitute an "immediate
threat" or "endangerment", the court should refer to the relevant
and governing regulations. (cal. code regs., tit 15, sec. 3000 "gang"
and 3023 "Activity")

4. Petitioner's SHU placement constitutes an atypical and
and significant hardship.

5. Petitioner as a life prisoner will not be paroled as
long as he is housed in the SHU (or will not be able to earn credits
towards reducing his sentence).

6. Retention of petitioner in the SHU is violative of the due
Process clause And the prohibition of cruel And unusual punish-
ment And infringes upon his right of free/innocent speech And
conduct.

7. See, "Memorandum of Points And Authorities" At Page 6 (1)ct.seq.

## II.

PRISON OFFICIALS HAVE VALIDATED PETITIONER AS AN
ACTIVE PRISON GANG ASSOCIATE AND RETAINED HIM IN THE
SECURITY HOUSING UNIT BASED ON FALSE, UNRELIABLE AND INSUF-
FICENT INFORMATION which CONSTITUTED A VIOLATION OF HIS 14th
AMENDMENT RIGHTS to DUE PROCESS thereby CREATING A LIBERTY
INFRINGEMENT, MOREOVER PETITIONERS SIXth AND EIGHTh AMENDMENT
RIGHTS WAS VIOLATED.

1. ON AUGUST 23, 2006 PETITIONER WAS VALIDATED AS AN
ACTIVE PRISON GANG ASSOCIATE of the MEXICAN MAFIA PRISON
GANG (EME). HOWEVER, PETITIONER BELIEVES AND THEREBY ALL-
EGES that the INFORMATION AND/OR DOCUMENTARY EVIDENCE RELIED
UPON to VALIDATE HIM IS FALSE, UNRELIABLE AND INSUFFICIENT
for the following REASONS:

ITEM No. 1: (Exhibit C, hereto.)
        a. WITH RESPECT to the CONFIDENTIAL INFORMATION, THERE IS NO
DOCUMENTATIONS/LETTER(S).
                (i.) detailing "GANG ACTIVITY" WRITTEN OR RECEIVED by PETITIONER.
                (ii.) SubstANTIATING that PETITIONER ONCE CORRESPONDED through this
                Address
                (iii) of SPECIFIC ACTS of GANG ACTIVITY ON ANY GIVEN OCCASION.
                (iv) WHEATHER documents-from the address would lead the dec-
                ISION MAKER to believe GANG RELATED MESSAGES WAS WRITTEN
                by OR to the PETITIONER.
        b. SPECULATES If GANG ACTIVITY WAS EVER COMMUNICATED by PETITIONER.
ITEM No. 2: (Exhibit D, hereto.)
        a. WITH RESPECT to the CONFIDENTIAL INFORMATION, THERE IS NO
STATEMENT.
                (i.) of SPECIFIC ACTS of GANG ACTIVITY ON ANY GIVEN OCCASION.
                (ii.) Substantiating that PETITIONER KNOWINGLY PROMOTED, FURTHED
                OR ASSISTED A PRISON GANG IN COMMITING UNLAWFUL ACTS OR
                ACTS of MISCONDUCT CLASSIFIED AS SERIOUS.
                (iii.) Showing PETITIONER POSED AN IMMEDIATE THREAT to the SAFETY of
                others OR ENDANGERED INSTITUTIONS SECURITY.

b. ALLEGES INFORMATION, CONDUCT, SPEECH OR ASSOCIATION that has nothing to do with GANG ACTIVITY.

c. ALLEGES INFORMATION that DISCRIMINATES AGAINST RACE, CULTURE And CREED.

D. ALLEGES INFORMATION that DISCRIMINATES AGAINST, CREATIVITY, Art And POETRY. (SEE Exhibit K, HERETO.)

ITEM No. 3: (Exhibit B, HERETO.)

2. WITH RESPECT to the CONFIDENTIAL INFORMATION, THE ARTICULATION by staff RELIED UPON ALLEGES INFORMATION About A PARTICULAR SYMBOL.

(i.) That has NO SPECIFIC ASSOCIATION WITH A PRISON GANG.
(ii.) That MERELY REPRESENT that A PRISONER IS FROM SOUTHERN CALIFORNIA
(iii.) That INTERPRETS the MEANING of SYMBOLS OVER BROADLY.
(iv.) That STEROTYPE HISPANIC PRISONERS.
(V.) That DISCRIMINATES AGAINST HISPANIC PRISONERS.

b. ALLEGES INFORMATION About the WORD MEANING of "MACTLACTLONE".
(i.) Thats ERRONEOUS
(ii.) Thats STEROTYPICAL
(iii.) DISCRIMINATES AGAINST HISPANIC PRISONERS.

c. ALLEGES INFORMATION About A SYMBOL.
(i.) That does not MEAN "MACTLACTLONE"

d. WITH RESPECT to the CONFIDENTIAL INFORMATION, THERE IS NO EVIDENCE.
(i.) detailing whether the INTERPRETATION of the WORD MEANING of "MACTACTLONEl" IS FIRST HAND OR HERESAY.
(ii.) of SPECIFIC Acts of GANG ACTIVITY done IN the NAME of "MACTLACTLONEl" ON ANY GIVEN OCCASION
(iii.) detailing that this SPECIFIC SYMBOL IS USED bY MEXICA MAFIA MEMBERS/ASSOCIATES EXCLUSIVELY.

II. SEGREGATION

1. PETITIONER has A STATE-CREATED liberty INTEREST IN FREEDOM from ADMINISTRATIVE SEGREGATION And SHU CONFINEMENT (CAL. Code REGS. TIT-15, SECTIONS 3335 (a), 3339 (a) And 3341.5 (c)(3))[2]

2. MADRID, 889 F. SUPP. at 1270-71

2. ONCE A PRISONER has been VALIDATED AS A PRISON GANG ASSOCIATE he IS GENERALLY PLACED IN the SHU FOR AN INDETERMINATE TERM. This Policy, however, "IS NOT Absolute". AN UNSPECIFIED NUMBER Of GANG MEMBERS OR ASSOCIATES ARE PERMITTED TO REMAIN IN the GENERAL Population At the discretion of PRISON officials[3] (CAL. Code REGS., tit 15, sec. 3378(d))

3. THE SEGREGATION of AN ALLEGED PRISON GANG MEMBER OR ASSOCIATE NECESSITATES A FURTHER ANALYSIS. FOR INSTANCE, PRISON officials Must determine whether OR NOT other factors EXIST to support the conclusion that the PRISONER POSES AN "INMEDIATE threat" to the SAFETY of others OR "ENDANGERS INSTITUTIONS SECURITY" (CAL. Code REGS., tit. 15, SECTIONS 3335 (a), 3339 (a) AND 3341.5 (c)(3))

4. To determine what would constitute AN "IMMEDIATE threat" OR "ENDANGERMENT", the court should REFER to the RELEVANT AND GOVERNING REGULATIONS. (CAL. Code REGS., tit. 15, SECTIONS 3000 "GANG" AND 3023 "Activity")

5. A READING of the REGULATIONS REQUIRES PRISON officials to show that PETITIONER Knowingly Promoted, furthered OR ASSISTED A PRISON GANG IN COMMITTING UNlawful ACts OR ACts Of MISCONduct classified AS SERIOUS (Id.) PETITIONER'S SHU PLACEMENT/RETENTION does NOT MEET the REQUIREMENTS AND THEREFORE IS UNWARRENTED.

6. SINCE the SAME ITems of INformATION used IN PETITIONER'S ALLEGED GANG VALIDATION PACKAGE WERE used to PlACE him the SHU, PETITIONER INCORPORATES AND MAKES REFERENCE to those facts AND CONTENTIONS outlINEd IN PARAGRAPh No. 2, Above. The INformATION does NOT support ANY finding that PETITIONER Posed AN "IMMEDIATE threat", OR ENDANGERED INSTITUTION SECURITY when the PRISON officials ACted to (Place/RETAIN) PETITIONER IN the SHU. SPECIFICALLY, that PETITIONER did NOT Knowingly Promote, furTHER OR ASSIST A PRISON GANG IN COMMITTING UNlawful ACts OR ACts of MISConduct classified AS SERIOUS ON SEPTEMBER 7, 2006. (Exhibit I, hereto.)

3. Id. at 1241, fn 18b

7. Petitioner's SHU Placement constitutes an Atypical and significant hardship.

8. The SHU is a Prison within a Prison where Prisoners are denied virtually all Privileges. The SHU is based on a Sensory deprivation and extreme isolation model. SHU Prisoners receive all meals in their cells, are not allowed to Participate in training, or Educational activities, are not allowed contact visits and have no Phone access. SHU Prisoners spend 22 1/2 hours per day in their windowless cells. They are always shackled when they leave their cells and the "yard" where they exercise is really a larger concrete cell where there is no exercise equipment, no view of the outside world or sun. Psychologists and courts have determined that long-term confinement in the SHU pushes boundaries of what human beings can endure. [4]

9. Petitioner as a life Prisoner will not be Paroled as long as he is housed in the SHU (or will not be able to earn credits towards reducing his sentence).

10. Retention of Petitioner in the SHU is violative of the due Process clause and the Prohibition of cruel and unusual Punishment and infringes upon his right of free/innocent speech and conduct.

11. see, "Memorandum of Points and Authorities" at Page 6(i) et seq.

---

4. Madrid, 889 F.Supp at 1227-37

III.

PRISON OFFICIALS HAVE A POLICY AND PRACTICE
OF PLACING AND RETAINING PRISONERS IN THE
SECURITY HOUSING UNIT BASED ON MERE ALLEG-
ATION OF GANG AFFILIATION, RATHER THAN MIS-
CONDUCT, WHICH THEREBY CREATES A LIBERTY ISS-
UE IN VIOLATION OF PETITIONERS 14th AND 8th
AMENDMENT RIGHTS.

SUPPORTING FACTS

I. POLICY AND PRACTICE

1. PRISON OFFICIALS HAVE A POLICY AND PRACTICE OF PLACING
AND RETAINING PRISONERS IN THE SHU BASED ON MERE ALLEGATIONS OF
GANG AFFILIATION, RATHER THAN FOR MISCONDUCT. (SEE CAL CODE REGS.TIT
15, SECTION 3341.5 (c)(2)(A)(2)).

II. SEGREGATION

2. ON SEPTEMBER 7/06, PETITIONER WAS ORDERED TO BE PLACED/RETAINED
IN THE SHU BASED ON ALLEGATIONS THAT HE IS A PRISON GANG ASSOCIATE.
(SEE EXHIBIT I, HERETO.)

3. PETITIONER DENIES THAT HE IS A PRISON GANG ASSOCIATE.
EVEN ASSUMING THAT HE IS, ASSOCIATED WITHOUT MORE DOES NOT WARR-
ENT AN INDETERMINATE SHU TERM.

4. PETITIONER HAS A STATE-CREATED LIBERTY INTEREST IN FREE-
DOM FROM ADMINISTRATIVE SEGREGATION. AND SHU CONFINEMENT (CAL. CODE
REGS. TIT 15, SECTIONS 3335(a), 3339(a) AND 3341.5 (c) (3))[2]

5. THE SEGREGATION OF AN ALLEGED PRISON GANG MEMBER OR ASS-
OCIATE NECESSITATES A FURTHER ANALYSIS. FOR INSTANCE, PRISON OFFICIALS MUST
DETERMINE WHETHER OR NOT OTHER FACTORS EXIST TO SUPPORT THE CONCLUSION
THAT THE PRISONER POSES AN "IMMEDIATE THREAT" TO THE SAFETY OF OTHERS
OR "ENDANGERS INSTITUTIONS SECURITY" (CAL. CODE. REGS., TIT 15, SECTIONS 3335
(a), 3339(a) AND 3341.5(c)(3)).

[2] MADRID, 889 F.SUPP AT 1227-37

6. To determine what would constitute an "immediate threat" or "endangerment", the court should refer to the relevant and governing regulations. (Cal. Code Regs.. tit. 15, sections 3000 "gang" and 3023 "activity")

7. A reading of the regulations requires prison officials to show that petitioner knowingly promoted, furthered or assisted a prison gang in committing unlawful acts or acts of misconduct classified as serious (Id.) Petitioner SHU placement/retention does not meet the requirements and therefore is unwarranted.

8. Petitioner's SHU placement constitutes an atypical and significant hard ship.

9. The SHU is a prison within a prison where prisoners are denied virtually all privilages. The SHU is based on a sensory deprivation and extreme isolation model. SHU prisoners receive all meals in their cells. are not allowed to participate in training or educational activities, are not allowed contact visits and have no phone access. SHU prisoners, spend 22 1/2 hours per day in their window-less cells. They are always shackled when they leave their cells And the "yard" where they exercise is really a larger concrete cell where there is no exercise equiptment, no view of the out-side world or sun. Psychologist and courts have determined that long-term confinement in the SHU pushes boundaries of what human beings can endure.[3]

10. Petitioner as a life prisoner will not be paroled as long as he is housed in the SHU.

11. Retention of petitioner in the SHU is violative of the due process clause and the prohibition of cruel and unusual punishment and infringes upon his right of free/innocent speech and conduct.

12. See "Memorandum of Points and Authority" at page (6)(i), et.seq.

---

[3] Madrid, 889 F. Supp at 1227-37

## IV.

PRISON OFFICIALS ENFORCE VAGUE And OVERBROAD REGULATIONS that INFRINGE UPON PETITIONER'S RIGHT TO FREE And INNOCENT SPEECH AND CONDUCT WHICH ULTIMATELY CONSTITUTES A VIOLATION OF HIS FIRST AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

"PRISON OFFICIALS ENFORCE VAGUE And OVERBOARD REGULATIONS, that INFRINGE UPON PETITIONER'S FREE And INNOCENT SPEECH And CONDUCT."

### I. REGULATIONS

1. PRISON OFFICIALS CLAIM that PETITIONER IS IN VIOLATION of CALIFORNIA Code of REGULATIONS, TITLE 15, SECTIONS 3023 "GANG ACTIVITY". (SEE Exhibit  , hereto.)

2. SECTION 3023 does NOT GIVE CLEAR NOTICE of the SPEECH OR CONDUCT PROHIBITED. RESULTINGLY, PETITIONER HAS BEEN VALIDATED AS A PRISON GANG ASSOCIATE AND PLACED/RETAINED IN the SHU FOR POEMS AND ART. (SEE Exhibit K , hereto.)

3. The SPEECH OR CONDUCT OUTLINED IN PARAGRAPH No. 2 IS NOT INDICATIVE of ANY UNLAWFUL ACT OR ACT OF MISCONDUCT.

### II. SEGREGATION

4. ON SEPTEMBER 7th 2006, PETITIONER WAS ORDERED to be PLACED/RETAINED IN the SHU (SEE, Exhibit I , hereto.)

5. PETITIONER HAS A STATE-CREATED LIBERTY INTEREST IN FREEDOM FROM ADMINISTRATIVE SEGREGATION AND SHU CONFINEMENT (CAL. Code. REGS. tit-15, SECTIONS 3335 (a), 3339 (a) AND 3341.5 (c)(3))

6. The SEGREGATION OF AN ALLEGED PRISON GANG MEMBER OR ASSOCIATE NECESSITATES A FURTHER ANALYSIS. FOR INSTANCE, PRISON OFFICIALS MUST DETERMINE WHETHER OR NOT OTHER FACTORS EXIST to SUPPORT the CONCLUSION that THE PRISONER POSES AN "IMMEDIATE THREAT" to the SAFETY OF OTHERS OR "ENDANGERS INSTITUTIONS SECURITY"[2] (CAL. Code. REGS., tit. 15. SECTIONS 3335 (a), 3339 (a) AND 3341.5 (c)(3))

2. Madrid, 889 F.SUPP. at 1270-71

7. To determine what would constitue an "immediate threat" or "endangerment", the court should refer to the relevant and governing regulations. (Cal. Code Regs., Tit 15, Sections 3000 "Gang" and 3023 "Activity".)

8. A reading of the regulations requires prison officials to show that Petitioner knowingly promoted, furthered or assisted a prison gang in committing unlawful acts or acts of misconduct classified as serious (Id.) Petitioner's SHU placement/retention does not meet the requirements and therefore is unwarranted.

9. See, "Memorandum of Points and Authorities" at Page 6 (i), et. seq.

# V.

PRISON OFFICIALS ARE ENFORCING PRISON GANG REGULATIONS THAT HAVE NOT BEEN PROMULGATED PURSUANT to the ADMINISTRATIVE PROCEDURE Act (APA) which ultimately constituted A violation of PETITIONERS DUE PROCESS RIGHTS. Under the Fourteenth AMENDMENT of the United States Constitution.

"PRISON officials ARE ENFORCING PRISON GANG REGULATIONS that have not been Promulgated Pursuant to the Administrative Procedures Act (APA)"

Supporting facts:
I. Policy And Practice

1. The REGULATIONS REGARDING PRISON GANG VALIDATION, SEGREGATION OF GANG AFFILIATES AND DEBRIEFING (OR RENUNCIATION etc.) HAVE NEVER BEEN PROMULGATED PURSUANT to the APA; And thus. such REGULATIONS ARE UNDERGROUND And legally INVALID. (CALIFORNIA Penal Code Section 5058 (a).)

2. The REGULATIONS REGARDING PRISON GANG VALIDATION, NOTICE of the tatoos And symbols that the California department of CORRECTIONS deems to be GANG, RELATED HAVE NEVER BEEN PROMULGATED PURSUANT to the APA; and thus such REGULATIONS ARE UNDERGROUND And legally INVALID. (CAL. PEN. Code. SECTION 5058 (a); AND Also SEE PEOPLE V. LOPEZ (1988) 66 Cal. APP. 4th 615, 630 ("All ARE ENTITLED to BE INFORMED As to what the state commands OR forbids")).

"*Prayer For Relief*"

Petitioner is without remedy save by writ of habeas corpus. Wherefore, Petitioner prays that the court:

      1. Issue and order to show cause;
      2. Allow Petitioner to conduct discover;
      3. Conduct an evidentiary hearing;
      4. Declare Petitioner's rights;
      5. Appoint counsel and award reasonable attorney fees;
      6. Grant writ of habeas corpus and order respondent to:

## Ground 1:

    a. Expunge from Petitioner's prison file false, unreliable and insufficient information used to validate Petitioner as an active prison gang (member/affiliate) and place him in the SHU for an indeterminate term.
    b. Release from SHU.

## Ground 2:

    a. Expunge from Petitioner's prison file the false, unreliable and insufficient information used to validate Petitioner and retain Petitioner in the SHU.
    b. Cease the implementation of the exception clause under Cal. Code Regs. tit.15, sec. 3341.5 (c)(5) which allows for the SHU retention of prisoners in spite of their designation as inactive prison gang members or associates.
    c. Promulgate a regulation that will require DRB to give prisoners written notice of specific factors relied on in findings that conclude prisoners are an immediate threat to others or institutional security.
    d. Cease the use of past misconduct that does not reasonably support the DRB's conclusion that prisoners pose a present and immediate threat to others or institutional security.
    e. Cease the use of past or present misconduct that is minor in nature or does not warrant a SHU term if said misconduct had been committed in general prison population.

f. Cease the use of a Prisoner's history of criminal convictions to support the placement or retention of Prisoners in the SHU insomuch as said conviction were not the result of crimes presently committed while in Prison.

g. Cease the use of any information that does not reasonably support the DRB's conclusion that Prisoners pose a present and immediate threat to others or institutional security.

h. Consider alleged Prison Gang member or associates for SHU release within a year if those Prisoners have not been involved in Gang activity for a Period one (1) year.

i. Release Petitioner from the SHU.

GROUND 3:

a. Expunge from Petitioner Prison file the false, unreliable and insufficient information used to place Petitioner in the SHU for an indeterminate term.

b. Cease the enforcement of regulations/practices/procedures relating to Prison Gang validation, debriefing (renunction), and segregation of alleged Prison Gang Affiliates unless and until respondents Promulgate said regulations pursuant to the Administrative Procedure Act.

c. Release Petitioner from the SHU.

GROUND 4:

a. Cease the policy and practice of placing and/or retaining Prisoners in the SHU based on mere Gang Affiliation.

b. Release Petitioner from the SHU.

GROUND 5:

a. Promulgate clear and fair regulations regarding the definition of "Gang Activity", "Gang", etc., and validation of Prisoners as Prison Gang Affiliates and for their Placement/Retention in the SHU for an indeterminate term.

b. Grant any other relief that the court deems Proper and Just.

Respectfully Submitted,

Date: 3, 27, 08

# MEMORANDUM OF POINTS AND AUTHORITY

## STANDARD OF REVIEW

PRISONER'S IN CALIFORNIA CONTINUE to have A STATE - CREATED LIBERTY INTEREST IN FREEDOM FROM ADMINISTRATIVE SEGREGATION (Madrid V. Gomez, (N.D. Cal. 1995) 889 F.Supp. 1146, 1271; Code REGS. tit. 15, sections 3335 (a), 3336, 3339 (a) And 3341.5 (c)(3). However, following the Supreme court decision SADIN V. CONNER (1995) 515 U.S. 472, 115 S.ct. 2293, 132 L.Ed. 2d 415, PRI-SONERS Must show that the deprivation of ANY state - CREATED liberty INTEREST Poses AN AYTYPICAL And SIGNIFICANT hardship on the PRISONER (Id. at 483, 115 S.ct at 2300).

THE COURT IN Madrid Made EXTENSIVE factual findings REGARding the hardships IMPosed on PRISONERS ASSIGNED to the PELICAN BAY State PRISON (PBSP) SECURITY HOUSING Unit (SHU). (Id. at 1227-1237) SEE Also, JONES V. MORAN (N.D. cal. 1995) 900 F.Supp. 1267, 1275 (distinguishing SHU PlACEMENT for AN INdETERMINATE tERM from the 30 day tEMPORARY Administrative SEG-REGATION At ISSUE IN SADIN V. CONNER) SEE Also, SYNDER V. ARCHIE, filed 2/2/98) CASE No. 5-92-1814-GEB-JFM-P [N.D. CAL.] (finding AS A MATTER of LAW, that PELICAN BAY SHU IMPoses "AtYPICAL And SIGNIFICANT hardship")

DUE PROCESS REQUIRES that A decision to SEGREGATE A PRISONER he based on "SOME factual Information" (Madrid, at 1274) And IN CASES of GANG Affiliation, Prison officials Must first designate the PRISONER AS being A "CURRENT Active" GANG Affiliate PRIOR to ANY decision to RETAIN the PRI-SONER IN SEGREGATION for AN Indeterminate PERIod. (Madrid, at 1273 (citing, Toussaint V. Rowland, 711 F.Supp. 536, 540, 541-542, n.15, 543)

## I. GANG Policy

THERE ARE two District PROCESSES Involved here: ONE for det-ERMINATION whether A PRISONER IS A validated Prison GANG Affiliate. And ONE for determining whether the Prison GANG Affiliate should be housed IN SEGREGATION. However, It IS IMPortAnt to note that there IS NO "AB-SoluTE" WRITTEN Policy REQUIRING the SEGREGATION of Alleged GANG Affili-ATES (ASSOCIATES OR MEMBERS) for MERE GANG Affiliation (Madrid, at 1241,

n.186; SEE Also, CAl Code Regs. tit 15 Section 3341.5 (c)(2)(A)(2). BEfoRE
PRIson officials can segregate AN AllEGED GANG Affiliate, they Must
Show that the PRIsoNER Poses AN "IMMEDIATE threat" to the SAfety
of others OR INstitution SECURIty (i.e. INvolvement IN GANG Activity)
(CAl. Code Regs. tit. 15, section 3335(a), 3341.5 (c)(2)(A)(2), 3341..5 (c)
(5), 3378 (d) And 3023).

## A. Validation

"Consistent with constitutional command, departmental REgulations
REQUIRE At least three REliable PIECES of Evidence to support A GANG
Validation" (Medina V. Gomez, 1997 U.S. Dist. LEXIS 12208, order
by Judge HENderson filed Arigust 15,1997 ; SEE Also Madrid, At 1242)'

## B. SEGREGATION
### 1. Placement

ONCE A PRIson GANG validation IS Imposed, PRIson officials
Must determine whether specific case factors, Exist to support A
Conclusion that A PRIsoNER Poses AN "INMEDiate threat" to the SAfety
of others OR Institution SECURIty (Madrid, At 1271 (citing, Cal. Code
Regs. Section 3335(a)). To determine what constitutes AN "IMMED-
IAtE threat" IN GANG validation CASES we Must turn to Relevant CASE
LAw And PRIson REGUlations.

First, AS PREvIously MEntIoNed, PRIson officials must
First designate the PRIsoNER AS A "CURRENT Active" GANG Affiliate
PRIor to ANy decison to Place this PRIsoNER IN SEGREGAtion for AN
Indeterminate PERIod. (Madrid, at 1273, (citing, Toussaint V. Rowland,
711 f. Supp. 536, 540, 541 -542, n.15 , 543). And secondly, PRIson REg-
ulations Prohibit PRIsoNERS from knowingly, Promoting, further-
ING OR ASSISTING A, PRIson GANG IN "unlawful Acts OR Acts of Mis-
Conduct Classified AS serious "(CAl. Code Regs. tit. 15, Section
3000 "GANG" And 3023 "GANG Activity").

1. IN PRIson GANG validation CASES PRIor to August 30,1999, At least
one of the three PIECES of Evidence Must be A "direct link" to A Val-
idated MEmber. (Madrid, At 1242, n.1884; SEE Also, cal. Code REgs. tit
15, Section 3378 (c)(3)(4)

2. RETENTION

ADMINISTRATIVE SEGREGATION CANNOT BE USED AS A "PRETEXT FOR INDEFINATE COMMITMENT OF AN INMATE". (MADRID, AT 1277-1278, CITING, HEWITT V. HELMS, 459 U.S. 460, 477 n. 9, 103 S. ct. 864, 874 n. 9, 74 L.Ed. 2d 675). Thus, COURTS REQUIRE THAT PRISON OFFICIALS CONDUCT SOME SORT OF PERIODIC REVIEW OF THE CONFINEMENT OF PRISONERS IN ADMINISTRATIVE SEGREGATION. (ID. (CITING, TOUSSAINT V. McCARTHY, 801 f.2d 1080, 1101).

AS A RESULT OF COURT INJUNCTIONS AND ORDERS IN TOUSSAINT, ALLEGED PRISON GANG AFFILIATES WERE CONSIDERED FOR RELEASE FROM SEGREGATION ON A YEARLY BASIS.[2] (Id.) HOWEVER, NEW REGULATIONS BECOME OPERATE ON AUGUST 30, 1999 WHICH NOW REQUIRES THAT ALLEGED GANG AFFILIATES BE CONSIDERED FOR SHU RELEASE EVERY SIX (6) YEARS - OR UNTIL THE PRISONER DEBRIEFS, i.e. BECOME AN INFORMANT. ((CAL. Code of REGS., tit.15, SECTIONS 3341.5 (c)(5) AND 3378.1). Thus, A REAL CONTROVERSY EXISTS REGARDING WHETHER OR NOT SECTIONS 3341.5(c)(5) AND 3378.1 VIOLATE THE TOUSSAINT INJUNCTIONS AND ORDERS PREVIOUSLY MENTIONED.

IN ANY EVENT, DUE PROCESS REQUIRES THAT PRISON OFFICIALS FIRST DESIGNATE ALLEGED GANG AFFILIATES AS BEING "CURRENT ACTIVE", i.e. INVOLVED IN GANG ACTIVITY (CAL. Code REGS. tit 15, SECTION 3000 "GANG" AND 3023," GANG ACTIVITY") AND WHETHER PETITIONER IS A THREAT TO SAFETY AND SECURITY (Id. SECTIONS 3335(d) AND 3341.5(c)(3))

3. AFFILIATION VS. CONDUCT

CDC REFERENCED AND INCORPORATES THE PHILOSOPHY AND LANGUAGE CONTAINED IN MUCH OF THE STREET TERRORISM ENFORCEMENT AND PREVENTION Act (PENAL Code SEC. 186.22); COMPARE, TITLE 15, CALIFORNIA Code of REGULATIONS (CCR) SECTIONS 3000 "GANG" AND 2023 "GANG ACTIVITY "; CDC DOES NOT REFERENCE OR INCORPORATE THE RELATED PENAL Code SEE 186.21 AND THE LEGISLATURES FINDINGS THEREIN ("It IS NOT THE INTENT OF THIS CHAPTER TO INTERFERE WITH THE EXERCISE OF THE CONSTITUTIONALLY PROTECTED RIGHTS OF FREEDOM OF EXPRESSION OR ASSOCIATION") ; SEE Also, ANNOTATED PENAL Code SEC. 186. 22, Notes of DECISIONS, NOTE 7 "ACTIVE PARTICIPATION") ; SEE Also ASSEMBLY CORN. ON PUBLIC SAFETY, ANALYSIS

2. SEE e.g., WRIGHT V. RUSHEN (9th CIR. 1981) 642 F.2d 1129, 1138 (DISCUSSING EARLIER INJUNCTIONS.)

of Assembly Bill No 2013 (1987-1988) Reg. Sess.) June 8, 1987, P. 7 [Noting Scales _____ that "MERE ASSOCIATION with A GROUP CANNOT BE PUNISHED UNLESS there is Proof that the defendant knows of and Intends to further its illegal aims"]; Id at P.2 ("The bill AS WRITTEN will NOT APPLY to the so called CASUAL MEMBER. To be held CRIMINALLY CULPABLE, GANG MEMBERS MUST HAVE the REQUISITE SPECIFIC INTENT AND KNOWLEDGE. AB 2013, IN FACT GOES BEYOND the ACTIVE MEMBERSHIP TEST IN Scales by REQUIRING ACTIVE PARTICIPATION, RATHER than MERE MEMBERSHIP.")

Further, state and federal courts have clearly rejected guilty by association and gang membership as evidence that a specific crime was committed. SEE e.g., N.A.A.C.P. v. CLAIBORNE HARDWARE CO. (1982) 485 U.S. 886.925 (rejecting not only guilt "by" association, but also guilt "for" association; characterizing guilt by association as "A Philosophy ALIEN to the traditions of a free society... AND the First Amendment Itself."); U.S. v. Robal 389 U.S. 258, 264 (holding unconstitutional law establishing guilt by association alone); KEYISHIAN v. BOARD of REGENTS (1967) 385 U.S. 589, 607 (rejecting law resting on "the doctrine of 'Guilt by ASSOCIATION REMAINS A thoroughly discredited doctrine"); JOINT ANTI-FASCIST REFUGEE COMMITTEE V. McGRATH (1951) 341 U.S. 123, 175 (Douglas, J., CONCURRING)(REJECTING guilt by ASSOCIATION AS "ONE OF the MOST odious institutions of history"); AMERICA-ARAB ANTI-DISCRIMINATION COMMITTEE V. RENO (9th Circuit 1995) 70 f.3d 1045, 1063 ("Guilt by ASSOCIATION ALONE VIOLATES the first Amendment."); U.S. V. WELFSWINKEL (1995) 44 f.3d 782, 787 ("The PROSECUTION MAY NOT PROVE a defendant's Guilt by Showing his ASSOCIATION with UNSAVORY CHARACTERS."); U.S. V. DICKENS (1985) 775 f.2d 1056, 1058. (SAME); PEOPLE V. PEREZ (1981) 114 CAL. APP. 3d 470,477 (EVIDENCE OF GANG MEMBERSHIP INADMISSIBLE INSOFAR AS It does NOT "HAVE ANY 'TENDENCY' IN REASON to PROVE A disputed fact, i.e. the Identity of the PERSON who committed the CHARGED offense"); PEOPLE V. SOTO (1984) 157 CAL. APP. 3d 694, 712-713 ("MEMBERSHIP IN AN ORGANIZATION does NOT LEAD REASONABLY to ANY INFERENCE AS to the conduct of A MEMBER ON A GIVEN OCCASION"). PEOPLE V. GOMEZ (1991) 235 CAL. APP. 2d 957, 971 (PENAL Code sec. 186.22 "REGULATES conduct, NOT SPEECH OR ASSOCIATION, AND there IS NO RIGHT of ASSOCIATION to ENGAGE IN CRIMINAL conduct... ONE IS free to ASSOCIATE with whomEVER ONE WISHES UNDER the statute, AS long AS the PRIMARY PURPOSE of ASS-

ociating oneself with the Group is not to commit crime. It is not the association with others about which section 186.22 addresses, but the association with others for the purpose of promoting, furthering or assisting them in the commission of crime"); PEOPLE V. CASTANEDA, (2000) 23 Cal.4th 743, 749 (A person's active participation in a criminal street Gang, without more, does not amount to a violation of section 186.22 CA.)).

4. VAGUENESS AND OVERBREADTH

Laws, including prison regulations, must be clear and unambiguous. PEOPLE V. LOPEZ (1998) 66 Cal. App. 4th 615, 630 ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the state commands or forbids' (citation) The operative corollary is that 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law' (citation) ("... Thus, a law that is 'void for vagueness' not only fails to provide adequate notice to those who much observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application' (citation)"); SEE ALSO. RIOS V. LANE (11th Cir 1987) 812 F. 2d 1032, 1038 ("Moreover, where prohibited conduct does not carry with it its own indicia of wrong doing, the need for clearly drawn prison regulations is particularly acute and vague prison regulations prohibiting "gang activity")

II. ADMINISTRATIVE PROCEDURES ACT (APA)

California Penal Code Section 5058 (a), declares in part that:

"The director [of the department of corrections] may prescribe and amend rules and regulations for the administration of the prisons... The rules and regulations shall be promulgated and filed pursuant to (the APA)..." (Emphasis Added) clearly, the APA generally applies to the department's quasi-legislative enactment.

Further, the key provision of Government Code Section 11342 (g), defines "Regulations" as: "... Every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure ..." [emphasis added]

Finally, if the petitioner for writ of habeas corpus makes a *prima facie* showing, i.e. facts pleaded with sufficient particularity which, if proved at a hearing, or not disputed by respondent, the petitioner is entitled to relief, the court should issue an "order to show cause" (In re Le Wallen (1979) 23 Cal. 3d 190, 194; In re Hochberg (1970) 2 Cal. 3d 870, 875 n. 4; In re Webber (1974) 11 Cal. 3d 703; People v. Romero (1996) 13 Cal. 4th 497)

On habeas corpus, the petitioner bears two distinct burdens: the burden of pleading or alleging facts entitling him to relief (i.e. making a *prima facie* case for itself), and ultimately, the burden of proving the facts upon which he bases his claim for relief (In re Serna, (1949) 34 Cal. 2d 300, 304; In re Le Wallen, supra, 23 Cal. 3d at 194; In re Bower (1985) 38 Cal. 3d 865, 872). Once petitioner has made a *prima facia* showing..." the burden shifts to the People to rebut the presumption." (Bower, supra, 38 Cal. 3d at 872-873; see also, In re Nesper (1990) 217 Cal. App. 3d 872-874).

## Conclusion

"[T]hough his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime. There is no iron curtain drawn between the Constitution and the prisons of this country". (Wolff v. McDonnell (1974) 418 U.S. 539, 555-556, 94 S.ct. 2963, 41 L.Ed. 2d 935).

Accordingly, prison officials must comply with the Constitution, relevant laws and their own regulations.

Respectfully Submitted.

Dated: _____

_____
David Valasquez, In Pro Per

# EXHIBIT "A"

ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - –WARDEN |
| BLUE - INMATE –(2ND COPY) | PINK - HEALTH CARE –MGR |
| GREEN - ASU | GOLDENROD - INMATE –(IST COPY) |

| INMATE'S NAME: | CDC NUMBER: |
|---|---|
| DAVID VELASQUEZ | D-75915 |

## REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
☒ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
☐ ENDANGERS INSTITUTION SECURITY       ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On May 5, 2006, you are being placed into Administrative Segregation (Ad-Seg) pending completion of an investigation into your possible involvement with the Mexican Mafia Prison Gang (EME). CAL staff in conjunction with Office of Correctional Safety (OCS) staff are conducting a review of information and have/or will submit a "validation package" for review. Therefore you are deemed a threat to the safety and security of the Institution and will be rehoused in Ad-Seg pending the completion of the validation process.

As a result of this placement, your credit earning, Custody Level, Privilege Group and Visiting Status are subject to change. No MHSDS level of care noted.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | | / / |
|---|---|---|---|---|
| DATE OF ASU PLACEMENT 5/5/06 | SEGREGATION AUTHORITY'S PRINTED NAME G. STRATTON | SIGNATURE G. stull ct | | TITLE LIEUTENANT |
| DATE NOTICE SERVED 5/5/06 | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE J. PAGAZA | SIGNATURE | STAFF'S TITLE CORR. OFFICER |
| ☐ INMATE REFUSED TO SIGN | | INMATE SIGNATURE | | CDC NUMBER |

## ADMINISTRATIVE REVIEW (PART B)

The following to be completed during the initial administrative review by Captain or higher by the first working day following placement.

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

| **IS THIS INMATE:** | | | | | | |
|---|---|---|---|---|---|---|
| LITERATE? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY –IE UNNECESSARY | ☒ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☒ YES | ☐ NO |
| | | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES | ☒ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☐ NO | | | |
| | | ☐ NOT ASSIGNED | Any "NO" may require –IE assignment | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | |
| | Any "NO" requires SA assignment | | | |
| ☐ NOT ASSIGNED | | | | |

## INMATE WAIVERS

| ☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER | ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME | |
|---|---|---|
| ☐ NO WITNESSES REQUIRED BY INMATE | INMATE SIGNATURE | DATE / / |

## WITNESSES REQUIRED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION:  ☐ RELEASE TO UNIT/FACILITY _____   ☐ RETAIN PENDING ICC REVIEW   ☐ DOUBLE CELL   ☐ SINGLE CELL PENDING
REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE | |
|---|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | | DATE OF REVIEW |

# EXHIBIT "B"

NAME: **Velasquez, David**     CDC: **D-75915**     Facility **C**     CDC 128-B (REV. 4/74)

On Thursday, April 27, 2006, while searching the property of Inmate **Velasquez, David,** D-75915 aka Spider from Pomona, I discovered several materials located inside a letter addressed to Inmate **Velasquez.** In reviewing the content, I discovered the symbol of two (2) lines three (3) dots on the back of the form. The symbol specifically showed two (2) horizontal lines one above the other and three (3) dots in a horizontal line above the two (2) lines. Through my years of experience and training as gang investigator, I know this symbol is called the **"Mactlactlome".** The **"Mactlactlome"** is the mayan symbol for the number thirteen. The aforementioned symbol is used by the Southern Hispanic Inmates as a symbol to show they are true solider who are loyal to the Mexican Mafia (EME) Prison Gang. This symbol is used to represent the thirteen letter of the alphabet or "M." which is a known symbol of the EME, and has been adopted and used by validated members and associates of the EME.

This confidential chrono (Association) should be used as one (1) source towards the validation of **Velasquez** as an associate of the **Mexican Mafia (EME)** prison gang. It is recommended that Inmate **Velasquez's** behavior be monitored and documented whenever gang association or activity is present.

E. Duarte
Assistant Institutional Gang Investigator
Calipatria State Prison

(Calipatria State Prison)
DATE: 06/20/2006     **Gang Activity (Symbols)**          CDC 128-B

T $ H = Ø-VOCE Y SALUDOS A



# EXHIBIT "C"

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS AND REHABILIATION

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: **D-75915**                    INMATE NAME: **Velasquez, David**

1)    Use of Confidential Information.

Information received from a confidential source(s) has been considered in the: **PRISON GANG VALIDATION**

a)    CDC 115, Disciplinary Report dated ____ submitted by

_____
STAFF NAME, TITLE

b)    CDC-114-D, Order and Hearing for Placement in Segregated housing dated:.

2)    Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the Institution.

This information is considered reliable because:

a)  ☐  This source has previously provided confidential information which has proven to be true.

b)  ☐  This source participated in and successfully completed a Polygraph Examination.

c)  ☐  More than one source independently provided the same information.

d)  ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)  ☐  Part of the information provided by the source(s) has already proven to be true.

f)  ☒  Other: EME Mail Drop.

3)    Disclosure of information received: <u>Inmate Velasquez was identified as possessing and maintaining an address where a third party can assist him in forwarding gang communications. The address is used by Mexican Mafia Members/Associates.</u>

4)    Type and current location of documentation: <u>Confidential Memorandum, dated 6-20-06, located in Velasquez's central file, confidential section.</u>

_____              7-12-06
STAFF SIGNATURE, TITLE                                DATE DISCLOSED

DISTIBUTION: WHITE – Central File; GREEN – Inmate; YELLOW – Institution Use

EXHIBIT "D"

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: ~~D~~ D 75915          INMATE NAME: ~~~~~~ Velasquez, David

1)    Use of Confidential Information.

Information received from a confidential source(s) has been considered in the: **PRISON GANG VALIDATION**

a)       CDC 115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b)       CDC-114-D, Order and Hearing for Placement in Segregated housing dated:.

2)    Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the Institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph Examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other: **Written correspondence.**

3)    Disclosure of information received:   **Inmate Velasquez was identified as possessing written material regarding Mexican Mafia (EME) Prison Gang activity, by using written correspondence.**

4) .   Type and current location of documentation: **Confidential Memorandum, dated 7-10-04, located in Velasquez's central file, confidential section.**

_____
STAFF SIGNATURE, TITLE

7-17-06
_____
DATE DISCLOSED

DISTIBUTION: WHITE – Central File; GREEN – Inmate; YELLOW – Institution Use

STATE OF CALIFORNIA    RECEIVED CAL APPEALS   SEP 2 5 2006
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS AND REHABILIATION

**CAL**   **§ 0602444** 

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: **H-25244**          INMATE NAME: **CHAVEZ, EDDIE**

1)    Use of Confidential Information.

Information received from a confidential source(s) has been considered in the: **PRISON GANG VALIDATION**

a)    CDC 115, Disciplinary Report dated ____ submitted by

_____

STAFF NAME, TITLE

b)    CDC-114-D, Order and Hearing for Placement in Segregated housing dated:.

2)    Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the Institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph Examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other: **Written correspondence.**

3)    Disclosure of information received:    **Inmate Velasquez was identified as possessing written material regarding Mexican Mafia (EME) Prison Gang activity, by using written correspondence.**

4)    Type and current location of documentation: **Confidential Memorandum, dated 7-10-04, located in Velasquez's central file, confidential section.**

_____          **7/12/06**
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

DISTIBUTION: WHITE – Central File; GREEN – Inmate; YELLOW – Institution Use

Michele Velasquez
P.O. Box 8384
La Verne, Ca 91750



Mr. David Velasquez
0 75915 A.S.U. 10
P.O. Box 5002 A-1
Calipatria, Ca 92233

baby girl & I could call me baby girl. I call you baby boy I'm singing to you!

"POEM"

AS YOU KNOW, WE ARE NOT A LAW FOR ALL WE
ARE A LAW FOR <u>US</u> AND OUR KIND... HUITZNAHUACANI
THOSE WHO STAND WITH US MUST BE OF STRONG
BONES AND LIGHT FEET. WE MUST BE READY FOR WAR
AS WELL AS OUR FESTIVAL, EAGER FOR WAR...!
THE BEST BELONGS TO US SUREÑOS. THOSE PEOPLE
WHO don't GIVE IT, WE TAKE IT. THE STRONGEST
THOUGHTS THE PUREST SKIES. WE ARE
ZTEC WARRIORS PURO
HUITZNAHUACANI

# EXHIBIT "E"

RECEIVED CAL APPEALS  SEP  2 5 20

NAME and NUMBER          **VELASQUEZ, David**          **D75915**     CALIPATRIA     CDC 128-B (4/74)

$ 0 6 0 2 4 4 4

CAL

On Thursday July 13, 2006, an investigation was completed by the Office of Correctional Safety (OCS) Gang Intelligence Operations Gang Unit and Calipatria Institutional Gang Investigation Unit into the gang status of Inmate VELASQUEZ, D75915, AKA: "Spider" or "Mouse" from the 12th Street Sharkys disruptive group as an associate of the Mexican Mafia (EME) prison gang. After a thorough investigation there was sufficient evidence discovered to show VELASQUEZ associating with active EME members and associates as well as possessed materials indicative of EME association.

The following was discovered as a result of the investigation:

1.) **Source Document:** Confidential CDCR 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of the phone/address book of VELASQUEZ which contained a known mail drop address for communicating with EME members/associates. VELASQUEZ maintained this address where a third party can assist him in forwarding gang communications without the detection of staff.

2.) **Source Document:** Confidential Memorandum dated July 10, 2004,6 authored by Correctional Officer E. Duarte. This document identified VELASQUEZ as possessing written material directly related to EME prison gang activities.

3.) **Source Document:** CDC 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of several materials located inside a letter addressed to VELASQUEZ. In reviewing the contents the contents contained the symbol identified as the "Mactlactlomel", which signifies the number "13". The number "13" corresponds to the letter "M" which in Spanish is pronounced EME. In the prison culture the "13" and the letter "M" directly correspond to the EME prison gang. Well known EME members use this symbol to identify themselves with the EME.

Based on the information contained in the aforementioned documents, VELASQUEZ has demonstrated he is an active associate of the EME prison gang and his status should be updated to that of validated Associate of the EME prison gang.

cc:   C-File
      Inmate
      LEIU

**M. Tamayo**
Assistant Institutional Gang Investigator
Investigative Services Unit

Date:    7/17/2006                    **GANG INFORMATION**                    **Calipatria State Prison**

EXHIBIT "F"

RECEIVED CAL APPEALS  SEP 2 5 2006

NAME and NUMBER     **VELASQUEZ, David**     **D75915**     **CAL** **$ 0 6 0 2 4 4 4**
CALIPATRIA   CDC 128-B (4/74)

On Thursday July 13, 2006, an investigation was completed by the Office of Correctional Safety (OCS) Gang Intelligence Operations Gang Unit and Calipatria Institutional Gang Investigation Unit into the gang status of Inmate VELASQUEZ, D75915, AKA: "Spider" or "Mouse" from the 12th Street Sharkys disruptive group as an associate of the Mexican Mafia (EME) prison gang. After a thorough investigation there was sufficient evidence discovered to show VELASQUEZ associating with active EME members and associates as well as possessed materials indicative of EME association.

The following was discovered as a result of the investigation:

1.) **Source Document:** Confidential CDCR 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of the phone/address book of VELASQUEZ which contained a known mail drop address for communicating with EME members/associates. VELASQUEZ maintained this address where a third party can assist him in forwarding gang communications without the detection of staff.

2.) **Source Document:** Confidential Memorandum dated July 10, 2004, authored by Correctional Officer E. Duarte. This document identified VELASQUEZ as possessing written material directly related to EME prison gang activities.

3.) **Source Document:** CDC 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of several materials located inside a letter addressed to VELASQUEZ. In reviewing the contents the contents contained the symbol identified as the "Mactlactlomel", which signifies the number "13". The number "13" corresponds to the letter "M" which in Spanish is pronounced EME. In the prison culture the "13" and the letter "M" directly correspond to the EME prison gang. Well known EME members use this symbol to identify themselves with the EME.

### Disclosure and Notification

On Wednesday July 12, 2006, Assistant Institutional Gang Investigator E. Duarte disclosed all information used in the validation to VELASQUEZ. The copies of all non-confidential source documents were issued to VELASQUEZ and confidential information was disclosed via CDC 1030, Confidential Disclosure Form. VELASQUEZ was further given notice that an interview regarding his validation, as an associate of the EME, would be held not less than 24 hours from the time of this notification.

A review of VELASQUEZ'S Central File revealed his educational level G.P.L. to be 3.3. VELASQUEZ did not request staff assistance and stated he understood the proceedings of the gang review. Staff assistance was therefore not assigned by the IGI.

### Interview

On Monday July 17, 2006, I made contact with VELASQUEZ in his housing unit to conduct a pre-validation interview. I informed VELASQUEZ that this was an opportunity to dispute information used in the validation. VELASQUEZ stated the following:

On Confidential Memorandum dated July 10, 2006, VELASQUEZ stated that the 1030 that was issued to him on July 12, 2006, had the wrong name and CDC number on it. I explained to VELASQUEZ that I would correct the 1030 form by putting the correct name and CDC number on it. VELASQUEZ agreed and accepted the original 1030 that was issued to him as I corrected it in front of him. Security & Investigation Officer L. Hernandez witnessed me as I corrected the 1030 in front of VELASQUEZ. I explained to VELASQUEZ that I would come back in 24 hours to re-interview him on this issue but VELASQUEZ declined and requested we go on with the interview.

RECEIVED CAL APPEALS   SEP 2 5 2006

CAL      S 0 6 0 2 4 4 4

VELASQUEZ also handed to me a written statement (see attachments) that he wants attached to his validation package.

That was the conclusion of the interview.

**Conclusion**
The above information clearly indicates that VELASQUEZ is associating with active EME members and associates. A package is being submitted to the Office of Correctional Safety requesting VELASQUEZ be validated as an active associate of the EME.

cc:  C-File
     Inmate
     LEIU

**M. TAMAYO**
Assistant Institutional Gang Investigator
Investigative Services Unit

**Date:    7/17/06**      CSP-CALIPATRIA
                          (GANG STATUS UPDATE)                    **GENERAL CHRONO**

# EXHIBIT "G"

CRIMINAL APPEALS SEP 25 2006

PAGE 1 of    INMATE VALIDATION STATEMENT    7-13-06
7:01 A.M.
8 060244

I, DAVID VELASQUEZ D-75915 SUBMIT THIS VALIDATION
STATEMENT FOR CONSIDERATION BY THE I.G.I LEVEL,
CLASSIFICATION COMMITTEES AND STAFF REVIEWER
I REQUEST THAT THIS STATEMENT BE INCLUDED IN THE
VALIDATION PACKAGE CONCERNING ME; ~~I ALSO REQUEST
THAT THIS STATEMENT BE INCLUDED IN THE VALIDATION
PACKAGE CONCERNING THE~~. I ALSO REQUEST THAT A COPY
BE INCLUDED IN MY C.D.C. C-FILE FOR REVIEW BY THE
CLASSIFICATION COMMITTEE CONSIDERING MY PLACEMENT
IN THE SHU.

WITH REGARDS TO THE VALIDATION BEING CONSIDERED
IN THE VALIDATION PACKAGE I RESPOND AS FOLLOWS:
ITEM #1 C.D.C 128.G-B DATED 6-20-06 THIS IS NOT TRUE.
I DO NOT USE THESE SYMBOLS TO PROMOTE ANY KIND
OF GANG ACTIVITY. I DID NOT EVEN KNOW THIS
COULD BE USED AS GANG ASSOCIATION. I WRITE
POEMS AND COLECT THEM AS WELL, AND I ALSO
DRAW, AND TO "ME" THESE SYMBOLS ARE JUST PART OF
MEXICAN HISTORY, NOTHING MORE

ITEM #2 CONFIDENTIAL MEMO DATED 6-20-06 THIS IS NOT
TRUE. I'M NOT EVEN SURE WHAT ADDRESS THE I.G.I. ARE
TALKING ABOUT; I DO NOT COMMUNICATE WITH ANY
MEXICAN MAFIA MEMBERS/ASSOCIATES. AT THE TIME I
WAS ALLEGEDLY IDENTIFIED I WAS ALREADY IN AD-
SEG. THERE'S NO SUCH ADDRESS.

ITEM #3 CONFIDENTIAL MEMO DATED 7.10.04 THIS

PAGE-2 OF INMATE VALIDATION STATEMENT

RECEIVED CAL APPEALS SEP 2 5 2006

S 0602444

ACTIVITIES. THIS IS A MISTAKE THE DISCLOSURE FORM DOES NOT EVEN HAVE MY NAME ON IT. IT HAS SOMEONE ELSES NAME EDDIE (CHAVEZ H-25244) I AM NOT AN ACTIVE PRISON GANG ASSOCIATE. I AM NOT A THREAT TO THE SAFETY OF OTHERS OR INSTITUTION SECURITY.

THE ITEMS BEING USED AGAINST ME ARE INSUFFICIENT TO VALIDATE ME AS AN ASSOCIATE OF THE "EME" IM SIMPLY TRYING TO DO MY TIME & GO HOME, ~~I HAVE~~ I HAVE DONE NOTHING WRONG.

Respectfully
David Velasquez
7-13-06

# EXHIBIT "H"

**CAL    § 0602444** cal

RECEIVED CAL APPEALS SEP 2 5 2006
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 128-B-2 (5/95)

**INMATE'S NAME: David VELASQUEZ**

**CDC NUMBER: D75915**

On July 26, 2006, a gang validation package submitted by Institution Gang Investigator Stratton at CAL. The following documents were submitted for review regarding subject's validation status:

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)**

Item (1) Confidential CDC 128B dated 6/20/06 (Association/Direct Link)

Item (2) Confidential Memorandum dated 7/10/06 (Communications)

Item (3) CDC 128B dated 6/20/06 (Symbols)

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, David VELASQUEZ is:

☒ **VALIDATED**    ☐ **REJECTED**

as an **associate** of the **Mexican Mafia** prison gang.

SIGNATURE CHAIRPERSON

SIGNATURE MEMBER

SIGNATURE MEMBER

Printed name

Printed name _Everett W. Fischer_

Printed name

DATE: 8/23/06

**GANG VALIDATION/REJECTION REVIEW**
**GENERAL CHRONO**
**LEIU/SSU**

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

**ACTIVE/INACTIVE REVIEW**

**JUN 2 0 2012**

**ELIGIBILITY DATE**

# EXHIBIT "I"

CDC 114-D (Rev 10/98)    ADMINISTRATION UNIT PLACEMENT NOTICE    RECEIVED CAT APPEALS 25 2006    S0602444

CDC FORGOT TO PUT X AW

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - ~WARDEN
BLUE - INMATE ~(2ND COPY)     PINK - HEALTH CARE -MGR
GREEN - ASU                   GOLDENROD - INMATE ~(1ST COPY)

| INMATE'S NAME: | CDC NUMBER: |
|---|---|
| DAVID VELASQUEZ | D-75915 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:    VELASQUEZ D 75915 VC

On July 26, 2006, Calipatria State Prison Institutional Gang Investigations (IGI) received information that the Prison Gang Validation package previously submitted on you (I/M Castellon K-82777) has been reviewed and accepted. On August 23, 2006, a CDC 128 B-2 was prepared which validates you as an associate of the Mexican Mafia Prison Gang. Based on the aforementioned, your continued presence is deemed a threat to the safety and security of the Institution, its Staff and Inmates. Therefore, you will remain in Administration Segregation pending Administrative review and transfer to a Security Housing Unit (SHU). As a result your continued placment in Ad/Seg, your Custody Level, Privilege Group, Work Status and Visiting Status will remain the same. Inmate Castellon is NOT a participant in the Mental Health Delivery System (MHSDS).

VELASQUEZ VC

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGRAGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| | G. STRATTON | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 9/1/06 | 1402 | J. CRABTREE | | CORR. OFFICER |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME    None | TITLE | INVESTIGATIVE EMPLOYEE'S NAME    None | TITLE |

IS THIS INMATE:

LITERATE?    [ ] YES [ ] NO

FLUENT IN ENGLISH?    [ ] YES [ ] NO

ABLE TO COMPREHEND ISSUES?    [ ] YES [ ] NO

FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?    [ ] YES [ ] NO

DECLINING FIRST STAFF ASSISTANT ASSIGNED?    [ ] YES

[ ] NOT ASSIGNED    Any "NO" requires SA assignment

EVIDENCE COLLECTION BY IE UNNECESSARY    [ ] YES [ ] NO
DECLINED ANY INVESTIGATIVE EMPLOYEE    [ ] YES [ ] NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS    [ ] YES [ ] NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED    [ ] YES

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUIRED BY INMATE    INMATE SIGNATURE    DATE

## WITNESSES REQUIRED FOR HEARING

| WITNESS' NAME    N/A | TITLE/CDC NUMBER | WITNESS' NAME    N/A | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION:    [ ] RELEASE TO UNIT/FACILITY _____    [ ] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING

REASON FOR DECISION:    Retain ASU pending ICC review for appropriate housing

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| G. Maurano | FC | 9/5/06 | 1105 | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF |

STATE OF CALIFORNIA    RECEIVED CAL APP.    SEP 2 6 2006    CAL.    DEPARTMENT OF CORRECTIONS & REHABILITATION (128G (Rev. 12/91))

CDC NO##: D75915 APPEALS OFC    NAME: VELASQUEZ    HOUSING: ASU 123U
PS: 108   LEVEL: IV    MEPD: 02/07/20    CUSTODY: MAX
WG/PG: D1D EFF. 05/05/06    NEXT ANNUAL: 02/07

**ACTION:** SUBSEQUENT INITIAL REVIEW: RETAIN ASU PENDING CSR REVIEW & TX TO INDETERMINATE SHU PLACEMENT / REAFFIRM MAX CUSTODY AND WG/PG D1D EFFECTIVE 05/06/06 / **REFER TO CSR RX TX PBSP-SHU/CCI-SHU FOR INDETERMINATE SHU PLACEMENT** / DOUBLE CELL APPROVED / CLEAR FOR YARD WITH CELLMATE / NO MHSDS, MDO, DDP, DPP ISSUES NOTED / RESCHEDULE ICC ON 11/30/06

Inmate Velasquez was screened in person by ICC for the purpose of a Subsequent Initial Review. Inmate was initially placed in Administrative Segregation (AD SEG) on 05/05/06 pending investigation into gang status. CAL IGI and OCS conducted an investigation into inmate's involvement with the Mexican Mafia (EME) Prison Gang referenced in Confidential CDC 128-B dated 07/17/06 authored by C/O Tamayo. Committee notes on 08/23/06 inmate was validated as an associate of the Mexican Mafia (EME) Prison Gang per 128-B2 dated 08/23/06. The 114D interview was conducted on 09/01/06 by G. Chavarria, Facility Captain. The 114D hearing was conducted on 09/07/06 by ICC. Time constraints are meet and no due process violations noted. Committee elects to retain inmate in ASU and **refers this case to the CSR requesting transfer to PBSP-SHU/CCI-SHU for Indeterminate SHU Placement.** Retain MAX Custody and WG/PG D1D effective 05/05/06. Committee acts to reaffirm yard with cellmate. Inmate's case was reviewed for double cell housing and no pervasive pattern of in cell violence is noted. Inmate is assigned to double cell housing with no special restrictions. Inmate's reading GPL is 7.0. Inmate Velasquez was endorsed to CAL on 12/14/98. His next BPT is scheduled for 01/19. Case factors remain the same as noted in CDC 128-G dated 02/05/02. TB Code of 22 is noted in CDC 128-C dated 05/03/06. Inmate does not meet MDO, DDP or DPP criteria. Inmate Velasquez is not a participant in the MHSDS. Inmate was advised he would be rescheduled for ICC on 11/30/06. Inmate actively participated and stated he understood the actions of Committee. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal. His next Annual Review is scheduled for 02/07. Inmate stated he had no questions or comments to address to the Committee. Inmate stated he disagrees with the gang validation and will appeal. There are no other pertinent case factors noted. (nbn)    Given to I/m on 9/22/06.    c.II.

L. E. SCRIBNER, Warden    9/26/06    Chairperson    C. CAFFARELLA, AW (A)    Recorder

**Committee Members:** G. Chavarria, FC; J. Devenberg, CCII (A); J. Anaya, CCII (A); J. Bellinger, Ph.D.
cc:    Counselor, Inmate
**Date: 09/07/2006**    **CLASSIFICATION:** ICC AD/SEG    **INST: CAL-IV**

EXHIBIT "J"

RECEIVED CAL APPEALS  SEP 2 5 2006

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

*ATT.'*
*LAW LIBRARY MY 602*
*IS THE ONLY (2) PAGES THAT*
*NEED'S TO BE COPIED FRONT*
*AND BACKSIDE THANK YOU.*

Log No.
1. S 0602444   Category 6

2. _____

You may appeal any policy, action
committee actions, and classificat
member, who will sign your form
documents and not more than one additional page or
for using the appeals procedure responsibly.

u. With the exception of Serious CDC 115s, classification
lly seek relief through discussion with the appropriate staff
isfied, you may send your appeal with all the supporting
comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| VELASQUEZ. DAVID | D-75915 | | A S U. # 123 |

A. Describe Problem: *IN-RE: CDC DATE ON 6-20-06 ADDRESS FOUND IN PROPERTY. I HAVE NO KNOWLEDGE OF THE CLAIMS MADE BY I.G.I. I HAVE NO CONTROL OVER WHAT WRITES TO THIS SAID ADD-RESS. THE RELEVANT QUESTIONS ARE: HAS I.G.I. PRESENTED ANY EVIDENCE THAT I WAS INFACT COMMUNICATING WITH PRISONGANG MEMBERS AND/OR ANPOC/ATTES? HAS I.G.I. PRESENTED ANY EVIDENCE THAT I COMMUNICATED WITH SAID ADDRESS AT ALL? THE ANSWER IS NO. THE I.G.I. HAS ACCUSED ME OF BEING AN ASSOCIATE, I.E. I HAS FAILED TO DEMONSTRATE ANYTHING THAT REMOTELY POINTS TO ME BEING ACTIVE AS DEFINED IN C.C.R TITLE (15) § 3023. THE MERE POSSESSION OF SAID ADDRESS CAN*

☐ If you need more space, attach one additional sheet.

B. Action Requested: *BASED ON THE ABOVE INFORMATION: APPELLANT FINDS ALL THAT "SOMEWHAT" EVIDENCE SUBMITTED BY: CALIPATRIA I.G.I. STAFF IS INCONSISTENT TO A "THOROUGH" INVESTIGATION: THE INVESTIGATION IS REQUIRED TO BE THOROUGH THOROUGH AND PROFESSIONAL(I.G.I. DID NEITHER) THIS INVESTIGATION WAS DONE IN HASTE AND*

Inmate/Parolee Signature: *David Velasquez*          Date Submitted: *9.20.06*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 12B, etc.) and submit to the institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

PBI   C 0602444

PART - A
OF ___ RECEIVED CAL APPEALS SEP 2 5 2006

9-2006

S 0602444

NOT BE CHARACTERIZED AS FITTING THE RELEVANT STATUTORY SOURCE CRITERIA OF C.C.R TITTLE 15 § 3378 (C)(8)(C) WHICH DEFINES PROOF OF GANG IDENTIFICATION THROUGH "WRITTEN MATERIAL" AND C.C.R TITTLE IS 3378 (C)(8)(L) WHICH DEFINES "COMMUNICATIONS" UNDER I.C.E'S FLAWED APPROACH, MERE POSSESSION OF THIS "SAID" ADDRESS IS CON-SIDERED EVIDENCE OF GANG ASSOCIATION AND ACTIVITY. I.C.E FAILS TO ADHERE TO C.C.R TITTLE IS 3378 (C)(8)(C) & (L), WHICH REQUIRES THAT EVIDENCE OF GANG ASSOCIATION / ACTIVITY BE DEMONSTRATED THROUGH COMMUNICATIONS WHICH DISCUSS "GANG ACTIVITY," ANY EVIDENCE MUST BE SUBSTANTIATED AND NOT BASE ON ASSUMPTION, SPECULATION, SURMISE, CONJECTURE OR "IMAGINATION". TO BE SUFFICIENT EVIDENCE MUST BE SUBSTANTIAL, AND EVIDENCE IS SUBSTANTIAL ONLY IF IT REASONABLY INSPIRES CONFIDENCE AND IS OF SOLID VALUE. BY DEFINITION SUBSTANTIAL EVIDENCE REQUIRES "EVIDENCE" AND NOT MERE SPECULATION. SEE PEO VS CLUFF 105 CAL. RPTR. 2d 80 (CAL. APP 1ST DIST. 2001.) AND SOURCE 2.) DOCUMENT: CONFIDENTIAL MEMORANDUM DATED JULY 10, 2006 AUTHORED BY CORRECTIONAL OFFICER E. DUARTE IS CLEARLY A MIX UP. BECAUSE I NEVER HAD ANY WRITTEN MATERIAL IN MY PROPERTY. I DO DRAWINGS AND WRITE POEMS. I BELIEVE THIS IS A RUSH TO VALIDATE A LARGE NUMBER OF MEXICAN AMERICANS IS A SWEEP-STYLE MOTION DUE TO THE RECENT VIOLENCE HERE AT CAL. LOOK AT MY VALIDATION PACKAGE DATED 7.12.06 (SEE ATT.) IT STATE ANOTHER INMATE'S NAME - A ONE: Eddie CHAVEZ H-25244. ALSO SEE ATT: C.D.C. 114 DATED JULY 26, 2006 IT HAS YET ANOTHER INMATE'S NAME ON IT A ONE CASTELLON K-32773. DIDN'T HIS SUPERVISORS CHECK IT BEFORE HE SERVED ME WITH IT.? DIDN'T C/O E. DUARTE READ IT FIRST. I STRONGLY

EXHIBIT.J.a

FOR REVIEW OF 2nd LEVEL RESPONCE OF VALIDATION. 11/17/06

CH    S 0602944

MY NAME IS DAVID VELASQUEZ, D-75915, AND I'M
WRITING IN MY BEHALF OF "SAID" VALIDATION RECENTLY SENT
TO THE 2nd LEVEL REVIEW TO I.S.U FOR A RESPONCE.
ON: 7-17-06 M. TAMAYO I.S.U. CAL SENT YOU/L E.T.U. A GANG
STATUS UPDATE. HE REQUESTED I BE VALIDATED, AND ON:
9-1-06 I WAS SERVED MY FINAL VALIDATION PAPERS STATE-
ING, I AM NOW A VALIDATED "EME" ASSOCIATE. I
REQUEST YOU NOT VALIDATE ME BECAUSE THE EVIDENCE
IS TRANSPARENTLY FALSE. "IF YOU NOTICED" ON THE 128-B(s)
ALL! OF THE SAID EVIDENCE WAS DISCOVERED AFTER I WAS
ALREADY IN "AD SEG" FOR A MONTH AND 2 WEEKS. MY C-FILE
HOW-EVER HAS NOTHING TO SUPPORT THESE ACCUSATIONS. AS STATED
IN MY APPEAL AND LETTER TO I.G.I. I "DRAW" AND I
WRITE POEMS, BOTH DEALING WITH THE CURRENT CULTURE AND
HISTORY OF THE MEXICAN IN THE AMERICAS, & "SOUTHERN CALIFORNIA."
I'VE BEEN IN AND OUT OF THE SYSTEM SINCE "1986" AND NEVER
CAME CLOSE TO EVEN BEING AN ASSOCIATE; LET-ALONE VALIDATED.
I STRONGLY BELIEVE THIS IS A 'SWEEP' AND (THREE 3 ERRORS) SAY
THEY STARTED WITH THE WRONG MAN, BUT "MADE" ME THE RIGHT
MAN. THIS IS IN VIOLATION OF MY CONSTITUTIONAL RIGHTS. THE FEW
THAT COVER ME, AS WELL AS THE D.O.M. I CAN ONLY ASK THAT YOU
LOOK CAREFULLY AT MY FILE, AND NOT JUDGE ME ON A MISTAKE AND
FABRICATED INFORMATION. AGAIN I SAY I DRAW AND WRITE POEMS
THAT REFLECT MY CULTURE THE GOOD AND THE BAD. IF I.S.U IS
USING A POEM WRITTEN BY SOME-ONE ELSE, OR ME AS
EVIDENCE TO SAY "VALIDATE HIM!", THEN YOUR VALIDATING
ON BEING MEXICAN, NOT BECAUSE I'VE A LONG RECORD OF
ASSOCIATED ACTIVITY, OR A TATTOO THAT CLAIMS "EME,"
BUT ON BEING MEXICAN IN SOUTHERN CALIFORNIA. THIS IS
"RACISM" AND DISRESPECTFUL. THIS IS ALSO ANOTHER ATTEMPT
BY C.D.C. TO DISCOURAGE PRIDE IN ONE'S HERITAGE, THIS



MEXICAN HERITAGE WITH GANG ACTIVITY, TO DISCOURAGE EDUCATION IN ONES CULTURE AND TO BE PUNISHED FOR HAVING PRIDE IN WHO YOU ARE, AND WHERE YOU COME FROM IS RACISM, AND THIS IS ANOTHER REASON WHY I STRONGLY BELIEVE THIS VALIDATION WAS DONE IN HASTE, AND IS A BIG MISTAKE. I REQUEST I BE RELEASED TO GENERAL POPULATION WITH OUT FURTHER ADO. AND FURTHER—MORE ( IT IS IN VIOLATION OF TITLE 15, 3022 EQUALITY OF INMATES, AND SEE 3001) 3004, RIGHTS AND RESPECTS OF OTHERS, TO BE TREATED RESPECTFULLY AND "IMPARTIALLY" IT IS ALSO UNCONSTITUTIONAL... AND I.G.I. CONTINUES TO USE ARTWORK OR TATTOOS DEPICTING SYMBOLS; SYMBOLS WHICH C.D.C. CLAIMS SHOW AN ALLEGIANCE TO GANGS. FOR EXAMPLE THE AZTEC NUMBERS 13 AND 14, WHICH ARE REPRESENTED BY THE SYMBOLS, ⋮⋮ AND ⋮⋮⋮, RESPECTIVELY. THE SYMBOLS MERELY REPRESENT THAT A PRISONER IS FROM SOUTHERN OR NORTHERN CALIFORNIA, A PERSON WOULD THINK AT THE VERY LEAST, ONE WOULD HAVE FAIRNESS AND "PROFESSIONALISM" WOULD MOVE C.D.C. TO GIVE PRISONERS NOTICE OF THE TATTOOS AND SYMBOLS THAT C.D.C. DEEM TO BE GANG-RELATED; JUST LIKE LAW-ENFORCEMENT INFORMS THE PUBLIC IN THEIR COMMUNITIES, THAT WAY PRISONERS WHO ARE NOT GANG MEMBER OR ASSOCIATES WOULD KNOW "CONSEQUENCES" IF THEY USED THE SYMBOLS. SEE PEOPLE VS. LOPEZ 1988 CAL. APP. 4TH 615 630 ( ALL ARE ENTITLED TO BE INFORMED AS TO WHAT THE STATE COMMANDS OR FORBIDS") ALSO SEE RIOS VS. LANE 7TH CIR 1987) 812 F. 2d 1032, 1038. ALSO CCR TITTLE 15, SEC 3002 (A) & C.D.C. AGREED IN THE CASTILLO SETTLEMENT THAT CURRENT ACTIVITY WILL BE DEFINED AS ANY DOCUMENTED GANG ACTIVITY WITHIN THE PAST SIX YEARS CONSISTENT WITH CCR SECTION 3341.5. I, DAVID VELASQUEZ SUBMIT THIS VALIDATION STATEMENT FOR CONSIDERATION BY I.G.I. I.S.U. / LEIU CLASSIFICATION COMMITTEES AND STAFF REVIEWER. I REQUSE THAT THIS STATEMENT BE INCLUDED IN MY VALIDATION PACK CONCERNING ME, AND A COPY BE PUT IN MY C-FILE. RESPECTFULLY SUBMITTED D. VELASQUEZ

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date     :   December 26, 2006

To       :   Inmate VELASQUEZ, D-75915

Subject  :   **SECOND LEVEL APPEAL RESPONSE**
             **LOG NO.: CAL-S-06-02444**

ISSUE: CASE INFO/RECORDS

It is the appellant's position that Calipatria State Prison (CAL) Institutional Gang
Investigators (IGI) and Investigative Services Unit (ISU) staff failed to provide
sufficient information to validate him as an active associate of the Mexican Mafia
prison gang.

The appellant requests that the LEIU decision to validate him as an associate of the
Mexican Mafia prison gang be rescinded and that he be returned to the General
Population.

INTERVIEWED BY: On December 22, 2006, Correctional Lieutenant G. Stratton
interviewed Inmate Velasquez in regards to this appeal.   During the interview
Inmate Velasquez stated that the information contained within his appeal is accurate
and correct.  Inmate Velasquez stated that he does not believe that the information
used to validate him is sufficient and that CAL staff failed to show that he is "actively"
involved with the Mexican Mafia prison gang.   Inmate Velasquez stated that the
address used as a point of validation belongs to a friend of his that he has been
writing to for an extended period of time.  Inmate Velasquez stated that at no time
has he ever used this address to conduct "gang business" and he would like to see
any documentation stating that he has used this address to conduct "gang activity."
He does not believe that him having the address is sufficient enough to prove "gang
activity" or gang association.

During the interview Inmate Velasquez provided the interviewer with a written rebuttal
that is attached to this appeal.   Within this written statement Inmate Velasquez
provides rebuttals to the "points of validation" used against him.

REGULATIONS: The rule(s) governing this issue are: CCR, Title 15, Section, 3000
Gangs, 3321, Confidential Information, 3023 Gang Activity, 3378 Documentation of
Critical Case Information, Departmental Operations Manual (DOM) Section 55070
Gang Management.

Appeal Log # CAL-S-06-02444
Page 2

DISCUSSION: A thorough review of the appropriate CCR, Title 15 sections and DOM section has been conducted and it has been determined that CAL is in compliance with applicable policy.   It has been determined that the validation of Inmate Velasquez as an associate of the Mexican Mafia prison gang was within current policy.

DECISION: Based upon the above, this appeal is **Denied** at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

J. OCHOA
Chief Deputy Warden (A)
Calipatria State Prison

EXHIBIT J.b.

DATE: 1-09-07     602 PART #H (OF DIRECTOR'S REVIEW)

H.  TO DISCOURAGE ONE EDUCATION IN ONE'S HERITAGE BY: ASS-
ociating my "MEXICAN HERITAGE" WITH GANG
ACTIVITY, TO DISCOURAGE EDUCATION IN ONE'S CULTURE
AND TO BE PUNISHED FOR HAVING PRIDE IN WHO YOU ARE
AND WHERE YOU COME FROM IS RACISM! "NO MAN NEED NOT
DESPAIR OF GAINING CONVERTS TO THE MOST
EXTRAVAGANT HYPOTHESIS WHO HAS ART ENOUGH TO
REPRESENT IT IN FAVORABLE COLORS".... I/APPELLANT
ASK THAT "YOU" LOOK CAREFULLY INTO MY C-FILE AS YOU
WILL SEE APPELLANT HAS NO HISTORY OF GANG ACTIVITY
OR ANY KIND OF PROPAGANDA. I JUST WANT TO DO MY
TIME AND GO HOME TO MY 3 CHILDREN. AND START FRESH.
I'M/APPELLANT AM BEING HELD IN ASU AGAINST MY WILL.
FOR I AM NOT A THREAT TO THE SAFETY OF ANY INSTITUTION
OF STAFF & INMATES. THIS IS ALL A BIG MISTAKE. AS YOU WILL
READ ALL THE ERRORS MADE BY I.G.I./I.S.U. I FAIL TO
UNDERSTAND HOW A PERSON CAN BE VALIDATED FOR A ADDRESS
I HAVE HAD FOR YEARS IN MY PROPERTY. AND WHAT MAKE'S
MATTERS MORE DIFFICULT TO UNDERSTAND IS — I don't
EVEN KNOW WHICH ADDRESS I.G.I. IS TALKING ABOUT?!...
I WOULD LIKE TO SEE WHAT ADDRESS I.G.I SPEAKS OF...
AND SHOW ME SOME GANG ACTIVITY WRITTEN TO AND
FROM THIS "SAID" ADDRESS. BY DEFINITION SUBSTANTIAL
EVIDENCE REQUIRES EVIDENCE AND NOT MERE SPECULATION
SEE PEO VS CLUFF 105 CAL RPTR 2d 80 (CAL APP
1ST DIST 2001.) AND ALSO SEE CASTILLO V. ALAMEIDA JR.
CASE NO. 942874 IN US DIST. FOR NORTHERN DISTRICT OF
CAL; FILED IN 1994 I "DAVID VELASQUEZ SUBMIT THIS VALIDATION
STATEMENT FOR CONSIDERATION BY: DIRECTOR LEVEL RE-SPONSE
I.S.U./C.F. i.w/ CLASSIFICATION COMMITTEES AND

VELASQUEZ'S 3rd level RESPONSE — PART H. OF 602

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  APR 1 2 2007

In re:  Velasquez, D-75915
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

IAB Case No.: 0608190          Local Log No.: CAL 06-02444

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that Institution Gang Investigator has failed to demonstrate anything that remotely constitutes as gang activity as defined in California Code of Regulations, Title 15, Section (CCR) 3023. He contends that the mere possession of an address found in his property can not be characterized as fitting the relevant criteria pursuant to CCR 3378 (c)(8)(C)(L). He claims that he never had any written material in his property and believes that there is a mix-up regarding the confidential memorandum dated July 10, 2006. He alleges that his validation is a mistake because his validation package contains another inmates name and CDC number. He also stated that his CDC114D dated July 26, 2006, yet has another inmates name on it. He again asserts that this was a big mistake and more than just one mistake. He requests that the Law Enforcement Investigation Unit (LEIU) decision to validate him as an associate of the Mexican Mafia (EME) be rescinded and he be returned to the general inmate population.

II   SECOND LEVEL'S DECISION: The reviewer found that a thorough review of the appropriate CCR and CDC Operations Manual sections has been conducted. The Second Level of Review (SLR) determined that Calipatria State Prison (CAL) is in compliance with applicable policy. The SLR also determined that the validation of the appellant as an associate of the EME was within current policy. Based upon the above, this appeal is denied at the SLR.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The institution has adhered to the provisions of CCR 3378 in referring information to the LEIU and when subsequently disclosing to the appellant his status relative to the gang validation process. Review of the validation documentation reflects that sufficient information existed to corroborate gang activity. The appellant's association with the prison gang has been appropriately documented and subsequent housing based upon his association with the EME is deemed appropriate. While the appellant is challenging this information does not meet the criteria pursuant to the Castillo vs. Alameida Jr; case #942847MJJ, he has not presented specific information on his behalf to contradict the validation. Each source document are all separate and distinct from each other. Pursuant to CDCR regulations, the debriefing process is the only method by which the appellant could be released from the Security Housing Unit. All departmental regulations have been followed, and the appellant's allegations that staff have failed to follow established procedures lack merit. In view of the above, there is no good cause to modify the institution's findings. Therefore, no further relief is deemed appropriate at the Director's Level of Review.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B. BASIS FOR THE DECISION:
CCR: 3000, 3001, 3023, 3270, 3321, 3375, 3378

VELASQUEZ, D-75915
CASE NO. 0608190
PAGE 2

    **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CAL
       Appeals Coordinator, CAL

EXHIBIT "K"

DAVID VELASQUEZ
C-D-C R I·D·NO. D-75915
P.O. BOX. 7500
CRESCENT CITY CA.
95531-7500

1

2    (IN PRO PER)

3                    IN THE UNITED STATES

4                    NINTH CIRCUIT COURT OF APPEALS

5    MR. DAVID VELASQUEZ
     PETITIONER                          IN RE: SELF-SERVING declaration
6                    Vs.

7    IN RE HABEAS CORPUS

8        I, DAVID VELASQUEZ, declare UNDER the PENALTY of PER-

9    JURY UNDER the laws of the State of CALIFORNIA that I believe

10   the UNDERWRITTEN statement IS true And correct And that this

11   declaration WAS EXECUTED this 27th DAY of MARCH 2008 At

12   CALIPATRIA, CALIFORNIA.

13

14       DECLARENT submits to this HONORABLE court this SELF-SERVING

15   declaration for the EXPRESS PURPOSE of Affording this court A

16   SYNOPSIS of the character, demeanor And Mind-set of MYSELF.

17   DECLARENTS SECONDARY IMPETUS for the Submission of this declar-

18   ATION IS to disclose AN ON-GOING And RAPIDLY GROWING DISCRIMIN-

19   AtoRY PRACTICE being EMPLOYED BY PRISON staff that I have NOW

20   fallen VICTIM too. Both ISSUES ARE RELATED.

21       DECLARENT DAVID VELASQUEZ, IS CURRENTLY SERVING A 26 to LIFE

22   SENTENCE for ONE count of COMMERCIAL burglary. DECLARENT REC-

23   EIVED Such A lengthy SENTENCE ON ACCOUNT he HAD two PRIOR

24   burglary CONVICTIONS ON his RECORD which UNDER the "THREE STR-

25   IKES And Your out" LAW CONSTITUTES A 25-to-LIFE SENTENCE.

26   DECLARENT PREVIOUS PRISON tERMS WERE SERVED IN level ONE CORR-

27   ECTIONAL INSTITUTIONS. "LEVEL ONE INSTITUTIONS CONSIST PRIMARILY

1  Of OPEN DORMITORIES with low SECURITY PERIMETER." DECLARENT CON-
2  CEEDS to the fact that he has had A long standing ADDICTION to drugs
3  which UNEQUIVOCALLY PROMPTED such CRIMINAL ACTIONS AS BURGLARIES for
4  the PURPOSE of SUPPORTING his drug ADDICTION. HIS Bout with drugs has
5  been his ULTIMATE DEMISE.

6        DECLARENT IS NOW COMING UPON 13 YEARS of INCARCERATION for
7  the COMMERCIAL BURGLARY which constituted the 25-to-life SENTENCE,
8  HOWEVER DECLARENT has taken ADVANTAGE of the SUBSTANCE ABUSE
9  PROGRAMS Afforded IN the level four INSTITUTIONS. MOREOVER the
10 VOCATIONAL And EDUCATIONAL PROGRAMS AS well. DECLARENT has MAIN-
11 TAINED AN AVERAGE to ABOVE AVERAGE PROGRAM without VIOLENCE
12 during his TERM And ULTIMATELY REFORMED, REHABILITATED And shook
13 the PAST demons IN his life which held him down.

14       DECLARENT AS A NOW REFORMED MAN SPENDS his PRISON time
15 drawing, writing POETRY And studying INDIGNEOUS INDIAN HISTORY.
16 HOWEVER, these PROGRESSIVE steps by the declarent ARE NOW being used
17 AGAINST him IN A VAGUE And OVERBOARD Policy BEING EMPLOYED by PRISON
18 staff. DECLARENT has now found himself CAUGHT UP IN ONE of the MANY
19 PRISONER GANG SWEEPS of HISPANIC INMATES who ALLEGEDLY have ties
20 to the MEXICAN MAFIA PRISON GANG.

21       IN the EVENT, declarent WAS DESIGNATED AS AN ASSOCIATE of
22 the MEXICA MAFIA ON ACCOUNT of POETRY And INDIGNEOUS INDIAN SYMBOLS
23 located IN his PERSONAL Effects. Throughout declarent 20 YEARS of
24 BEING INVOLVED with the CORRECTIONAL SYSTEM, he has not ONCE been
25 SUSPECTED of OR INVOLVED IN ANY MEXICAN MAFIA ACTIVITY. The CDC
26 IS USING ARTWORK depicting symbols to PROVE declarent showed
27 ALLEGIANCE to the MEXICAN MAFIA. NEVERtheless the symbols seized

UPON, that is: The Aztec numbers 13 And 14 which are represented by the symbols: --- And ---- Respectively. In the urban street culture And Prison setting, these symbols merely mean that A person Is either from southern or northern California.

Declarent believes that the CDC is interpreting the meaning of these symbols overbroadly. It is a reknown Practice in the Hispanic culture to use these symbols freely, As they mean different things to different people, bottom line, these symbols have historical And cultural ties to a Race of People And not to Any one exclusive Gang or faction.

Declarent believes that at the very least that in all fairness And Professionalism the CDC would be moved to Give Prisoners notice of the tatoos And symbols that (CDC) deems to be Gang-Related; Just like law enforcement Informs the Public In their communities. That way Prisoners who are not Gang Members or Associates would Know consequences if they used the symbols.

In conclusion declarent believes he has become a victim in this overbroad Policy being employed by the COC. His cultural/Race Pride, talents And Passion for his history has become his demise. Declarent will now spend An Indeterminate In A cell that test the limits of what humans can bear for nothing more than some written Poetry And Art depicting symbols.

Declarent, SWEARS BEFORE THIS HONORABLE COURT THAT HE IS NOT A MEMBER NOR ASSOCIATE OF THE MEXICAN MAFIA. A thorough Review of the three (3) Informations Relied upon to validate him will Prove so.

Declarent thanks this Honorable Court for taking the time out to Read this declaration, Moreover declarent Prays that all Attached exhibits be thoroughly examined.

Dated: 3·27·08

RESPECTFULLY Submitted,

David Velasquez / Declarent

To My Sister Ocelotl (cat)
I wish we weren't apart
from the Xocoyotsin (the youngster) of
our family...
I send this gift from My heart.....
My heart being like the teocalli (temple)
where My love for you is stored...
oh! how I desire freedom as the
quauhtli (Eagle) I would soar....
to those Mountains we once visited
before. I am the Brother you know and
Cheris... through our letters we held
hands when our Beloved Mother
perished.... and I refuse to give in to the
Belief of My arrival to a dead end.
thoughts that frequently circle My Mind of
My Childrens laughter I imagine that
is the sound of heaven.....
A glimpse into My tonalli (soul)
thats what this art work and poem is...
do not forget our family, who we
are.... and where we come from.....
for as long as you live...

Love Always
your Brother

# "QUETZALCOATL,"

(THE God of CIVILIZATION and LEARNING) "qUETZAL
(FEATHER) SERPENT," HAd DOZENS OF ASSOCIATIONS.



# AZTEC CIVILIZATION......

THIS IS WHAT I STUDY AND READ ABOUT. IT IS PART OF MY CULTURE,
AND THE CURRENT ARCHAEOLOGICAL DISCOVERIES







United States Court of Appeals for the Ninth Circuit
95 Seventh St.
San Francisco, CA 94103

TRANSFER OF CASE FILE TO:
USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

NINTH CIRCUIT CASE NUMBER: 08-71397, David Velasquez v. Horrell
FILES ENCLOSED

❏ ∕ USDC
☑ 9th Circuit
❏ Briefs & Excerpts
❏ 9th Circuit Opinion/Memorandum
❏ 9th Circuit Order

PLEASE ACKNOWLEDGE RECEIPT.  THANK YOU.

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID VELASQUEZ, | No. 08-71397 |
| Petitioner, | |
| v. | |
| ROBERT HORRELL, | ORDER |
| Respondent. | |

Before: Peter L. Shaw, Appellate Commissioner.

The court is in receipt of petitioner's filing, purportedly an original petition

for a writ of habeas corpus. To the extent the filing is a habeas petition, this court

lacks jurisdiction to consider it as an original matter, and the Clerk must transfer

the petition to the United States District Court for the Northern District of

California. *See* Fed. R. App. P. 22(a); *see e.g.*, *Noriega-Sandoval v. INS*, 911 F.2d

258, 261 (9th Cir. 1990). To the extent the filing is properly construed as a

complaint alleging deprivation of constitutional rights, the matter should likewise

be transferred in the interest of justice to the United States District Court for the

Northern District of California. *See* 28 U.S.C. § 1631.

Upon transfer of the petition, the Clerk shall close this original action.

KB/MOATT

| 04/03/2008 | ✓ | Miscellaneous case docketed. Petitioner's writ of habeas corpus; served 3/27/08. |
| 04/03/2008 | ✓ | Received Petitioner David Velasquez letter dated 03/31/2008 re: Case should not opened, should be opened in U.S. Supreme Court. |
| 04/11/2008 | ✓ | Received letter from pro se re: requesting that the court disregard letter filed 4/3/08 |
| 04/11/2008 | (4) | Received letter from pro se re: request for status of case (sent public docket report which notifies aplt that he now has CJA counsel) [not sure where this is] |
| 06/20/2008 | ✓ | Order filed (Appellate Commissioner) The court is in receipt of petitioner's filing, purportedly an original petition for a writ of habeas corpus. To the extent the filing is a habeas petition, this court lacks jurisdiction to consider it as an original matter, and the Clerk must transfer the petition to the United States District Court for the Northern District of California. See Fed. R. App. P. 22(a); see e.g., Noriega-Sandoval v. INS, 911 F.2d 258, 261 (9th Cir. 1990). To the extent the filing is properly construed as a complaint alleging deprivation of constitutional rights, the matter should likewise be transferred in the interest of justice to the United States District Court for the Northern District of California. See 28 U.S.C. § 1631.Upon transfer of the petition, the Clerk shall close this original action. |

USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

RECEIVED

JUN 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939



049J82022823

$04.800
06/25/2008
Mailed From 94103
US POSTAGE

DAVID·VELASQUEZ
C.D.C.R., I.D.NO#D-75915
P.O.BOX.7500
CRESCENT CITY CA.
95531-7500.

ORIGINAL

IN RE: DOCKET:NO. 08-7139 4/11/08
WRIT OF HABEAS CORPUS.

SHORT TITLE: DAVID VELASQUEZ VS —
ROBERT HORRELL.

APRIL. 8. 2008

DEAR:OFFICE OF THE CLERK, PETITIONER
WAS NOT SURE HE SENT HIS WRIT OF HABEAS TO
THE CORRECT COURT. AND I HAD WROTE YOU/
OFFICE OF THE CLERK A BRIEF LETTER ASKING FOR
MY WRIT OF HABEAS CORPUS BACK:..THAT I HAD
MADE A MISTAKE. WELL I GUESS I did NOT MAKE
A MISTAKE BECAUSE I RECEIVED A LETTER
FROM YOU/CANDY PERMILLION WITH A NEW DOCKET
NUMBER. SO I'd LIKE TO DISREGARD MY FORMAL
LETTER TO YOU THAT I had SENT LAST WEEK.
I TRULY APOLLOGISE TO THE FULLEST DEGREE. THANK
YOU FOR YOUR TIME.

I LOOK FORWARD TO YOUR RESPONSE
IF ANY AT ALL?... EITHER WAY I THANK YOU
VERY MUCH AGAIN. :·)

WITH MUCH RESPECT
MR DAVID VELASQUEZ

DATE APRIL 8th, 08

PROOF OF SERVICE BY MAIL

(C.C.P. SECTION #2015.5; 28 U.S.C. SECTION 1746)

I, DAVID VELASQUEZ, AM A RESIDENT OF PELICAN BAY STATE PRISON, IN THE COUNTY OF DEL NORTE, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS AND A PARTY TO THE ENTITLED ACTION.

MY STATE PRISON ADDRESS IS: POST OFFICE BOX 7500, CRESCENT CITY, CALIFORNIA, 95532. ON THE 8th DAY OF APRIL, 2008, I SERVED THE FOLLOWING (SET FORTH THE EXACT TITLE OF DOCUMENTS SERVED):-

ONE/1 ORIGINAL LETTER TO THE OFFICE OF THE CLERK CANDY PERMILLION

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE, WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT PELICAN BAY STATE PRISON, CRESCENT CITY, CALIFORNIA 95532, ADDRESSED AS FOLLOWS.

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT 95 SEVENTH STREET P.O. BOX 193939 SAN FRANCISCO CALIF. 94119-3939

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL TO THE PLACE SO ADDRESSED AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 4.8.08

DECLARANT SIGNATURE



Office of the Clerk **FILE COPY**
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939



Molly Dwyer
Clerk of Court

(415) 355-8000

April 3, 2008

Docket No.:    08-71397
Short Title:    David Velasquez v. Robert Horrell

Dear Petition for writ of habeas corpus.,

This is to acknowledge receipt of your petition for writ of habeas corpus in the above listed case.

All subsequent letters and request for information regarding this matter will be added to your file to be considered at the same time the cause is brought before the court.

The file number and the title of your case should be shown in the upper right corner of your letter to the clerk's office. All correspondence should be directed to the above address pursuant to Circuit Rule 25-1.

Very truly yours,

Molly Dwyer
Clerk of Court

By: Candy Permillion
Deputy Clerk

3-31·07

CATHY A CATTERSON, C
U.S. COURT OF APPE

APR 0 3 2008

FILED

DEAR CLERK

DOCKETED 4-9-08  MT

DATE    INITIAL

08-71397

DAVID·VELASQUEZ, D-75815 (SHU)
P.O.BOX. 7500      C-3 #221
CRESCENT CITY CA
95531-7500.

NAME is DAVID. VELASQUEZ

AND I MADE A BIG MISTAKE I SENT YOU

MY WRIT OF HABEAS CASE NO. A-119898

AND CASE NO. HCPB-07-5125. WELL I did

NOT KNOW I WAS SUPPOSED TO SEND IT TO

THE SUPREME COURT "NOT" THE 9th CIRCUIT

IF YOUR COURTS HAVE THE POWER TO SEND IT

TO THE SUPREME COURT THEN YOU HAVE MY

PERMISION TO FORWARD IT TO THE SUPREME

COURT. IF NOT SEND EVERYTHING BACK TO ME

AND I WILL SEND IT MY SELF, AS I ONLY

HAVE A FEW DAYS LEFT TO FILE.

PETITIONER NEEDS HELP. PETITIONER ONLY

HAS A 2·2· G.A.C. THANK YOU

CC:

P.S.
I SENT MY
WRIT OF HABEAS
CORPUS TO YOUR COURT
ON 3·27·08

(SORRY FOR THE ENCONVENIANCE)

RESPECTFULLY
SUBMITTED BY:
DAVID·VELASQUEZ