FILED
JUL 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ
CDCR. I.D. NO. D-75915
P.O. BOX 7500
CRESCENT CITY CA
95531-7500
-PRO SE-

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ
   PLAINTIFF,

Vs.

A. BARRIOS et al,
   DEFENDANTS

CIVIL CASE NO. CV-08-3298-PJH (PR)

MOTION FOR APPOINTMENT OF COUNSEL,

DAVID VELASQUEZ, PLAINTIFF IN THE ABOVE ENTITLED CAUSE OF ACTION, RESPECTFULLY MOVES THIS HONORABLE COURT PURSUANT TO 28 USC. 1915(e)(1), FOR AN ORDER APPOINTING COUNSEL TO REPRESENT HIM IN THIS CASE.

THE APPOINTMENT OF COUNSEL IS WARRANTED FOR THE FOLLOWING REASONS:

1. PLAINTIFF IS UNABLE TO AFFORD COUNSEL AND HAS LEAVE TO PROCEED IN FORMA PAUPERIS.

2. PLAINTIFF IS UNFAMILAR WITH THE LAW. HE HAS A 3.3. G.P.L./GRADE POINT READING LEVEL WHICH GREATLY LIMITS HIS ABILITY TO UNDERSTAND FEDERAL PROCEEDURE

1.

07-CV-0930 LAB(CAB)

AND ADEQUATELY PRESENT THE COMPLEX ISSUES INVOLVED IN THIS CASE (SEE EXHIBIT "A")

3. PLAINTIFF IS HOUSED IN PELICAN BAY STATE PRISON'S SECURITY HOUSING UNIT (S.H.U.) AND HAS EXTREMELY LIMITED ACCESS TO THE INSTITUTIONS LAW LIBRARY WHICH MAKES PREPARING MOVING PAPERS AND RESEARCH DIFFICULT;

4. THIS LIMITED ACCESS TO THE INSTITUTION'S LAW LIBRARY COMBINED WITH HIS 3-3- G.P.L. PUTS PLAINTIFF AT A TREMENDOUS DISAVANTAGE IN LITIGATING THE COMPLEX ISSUES OF THIS CASE;

5. THE COMPLEXITY OF PLAINTIFF'S "DIRE" ISSUES WILL REQUIRE A "FACTUAL INVESTIGATION" AND EXPERT TESTIMONY;

6 THE ABOVE STATED REASONS CREATE EXCEPTIONAL CIRCUMSTANCES WHICH REQUIRE THE APPOINTMENT OF COUNSEL

//
/

07-CV-1130 LAB (CAB)

## "ARGUMENT AND POINTS AND AUTHORITIES"

Pursuant to 28 USC 1915(e)(1) a district court has discretion to appoint counsel for indigent prisoners who file _legal_ actions in pro se. <u>Bounds vs. Smith (1977)</u> 430 US. 817. However, it is the district courts plain duty to appoint counsel "when necessary to insure that an indigent prisoner's allegations receive fair consideration." <u>Hudson vs. Hardy.</u> 412 F.2d 1091, 1095 (D.C. Cir. 1968.)

When deciding to appoint counsel, a court should consider the following factors (1.) plaintiff's inability to present his own case (2.) complexity of legal issues (3.) necessity of factual investigation and plaintiff's inability to investigate (4) plaintiff's inability to retain his own counsel, and (5.) the necessity of expert testimony. See. <u>Montgomery vs. Pinchak.</u> 294 F.3d 492, 499, 501-05 (3d. Cir 2002)

The 9th/Ninth Circuit requires a demonstration of both the "likelihood of success and complexity of legal issues involved" <u>Burns vs. County of King.</u> 883 F.2d 819, 824 (9th Cir. 1989).

07-cv-1130 LAB (CAB)

IN THIS CASE PLAINTIFF'S AMENDMENT CLAIMS OF THE FOURTEENTH AMENDMENT RIGHT UNDER THE DUE PROCESS CLAUSES; SIXTH AMENDMENT RIGHT TO FAIR (TRIAL/HEARING) AND 8th AMENDMENT OF THE UNITED STATES CONSTITUTION'S 8th AMENDMENT AND DUE PROCESS ARE COMPLEX IN NATURE AND WOULD MOST LIKELY BE SUCCESSFUL IF LITAGATED BY AN EXPERIENCED ATTORNEY. FURTHERMORE, PLAINTIFF'S 3.3. G.P.L. CREATES EXCEPTIONAL CIRCUMSTANCE THAT MANDATES THE APPOINTMENT OF COUNSEL.

UNDER THESE CIRCUMSTANCES IT WOULD BE GRAVE ERROR FOR THIS COURT NOT TO APPOINT COUNSEL TO REPRESENT PLAINTIFF IN THIS CASE. SEE. AGYEMAN VS. CORR. CORP OF AM. 390 F.3d 1101, 1104 (9th CIR. 2004) AND MONTGOMERY VS. PINCHAK 294. F.3d 499.

## CONCLUSION

FOR THE REASONS STATED ABOVE WITH ARGUMENT AND DECLARATION OF PLAINTIFF, THE APPOINTMENT OF COUNSEL TO REPRESENT PLAINTIFF IS JUST AND APPROPRIATE.

(I DECLARE UNDER PENALTY OF PURJERY THAT THE FOREGOING IS TRUE AND CORRECT)

DATED 7-28TH 2008

X

RESPECTFULLY SUBMITTED
X *David Velasquez*
DAVID. VELASQUEZ
PLAINTIFF IN PRO SE.

07-CV-1130 CRB (CAB)

4.

# EXHIBIT "A"

RECEIVED CAL APPEALS JAN 11 2007  VELASQUEZ, David    D75915    CALIPATRIA    CDC 128-B (4/74)

On Thursday July 13, 2006, an investigation was completed by the Office of Correctional Safety (OCS) Gang Intelligence Operations Gang Unit and Calipatria Institutional Gang Investigation Unit into the gang status of Inmate VELASQUEZ, D75915, AKA: "Spider" or "Mouse" from the 12th Street Sharkys disruptive group as an associate of the Mexican Mafia (EME) prison gang. After a thorough investigation there was sufficient evidence discovered to show VELASQUEZ associating with active EME members and associates as well as possessed materials indicative of EME association.

The following was discovered as a result of the investigation:

1.) **Source Document:** Confidential CDCR 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of the phone/address book of VELASQUEZ which contained a known mail drop address for communicating with EME members/associates. VELASQUEZ maintained this address where a third party can assist him in forwarding gang communications without the detection of staff.
2.) **Source Document:** Confidential Memorandum dated July 10, 2004, authored by Correctional Officer E. Duarte. This document identified VELASQUEZ as possessing written material directly related to EME prison gang activities.
3.) **Source Document:** CDC 128B dated June 20, 2006, authored by Correctional Officer E. Duarte. This document details the discovery of several materials located inside a letter addressed to VELASQUEZ. In reviewing the contents the contents contained the symbol identified as the "Mactlactlomel", which signifies the number "13". The number "13" corresponds to the letter "M" which in Spanish is pronounced EME. In the prison culture the "13" and the letter "M" directly correspond to the EME prison gang. Well known EME members use this symbol to identify themselves with the EME.

### Disclosure and Notification

On Wednesday July 12, 2006, Assistant Institutional Gang Investigator E. Duarte disclosed all information used in the validation to VELASQUEZ. The copies of all non-confidential source documents were issued to VELASQUEZ and confidential information was disclosed via CDC 1030, Confidential Disclosure Form. VELASQUEZ was further given notice that an interview regarding his validation, as an associate of the EME, would be held not less than 24 hours from the time of this notification.

A review of VELASQUEZ'S Central File revealed his educational level G.P.L. to be 3.3. VELASQUEZ did not request staff assistance and stated he understood the proceedings of the gang review. Staff assistance was therefore not assigned by the IGI.

### Interview

On Monday July 17, 2006, I made contact with VELASQUEZ in his housing unit to conduct a pre-validation interview. I informed VELASQUEZ that this was an opportunity to dispute information used in the validation. VELASQUEZ stated the following:

On Confidential Memorandum dated July 10, 2006, VELASQUEZ stated that the 1030 that was issued to him on July 12, 2006, had the wrong name and CDC number on it. I explained to VELASQUEZ that I would correct the 1030 form by putting the correct name and CDC number on it. VELASQUEZ agreed and accepted the original 1030 that was issued to him as I corrected it in front of him. Security & Investigation Officer L. Hernandez witnessed me as I corrected the 1030 in front of VELASQUEZ. I explained to VELASQUEZ that I would come back in 24 hours to re-interview him on this issue but VELASQUEZ declined and requested we go on with the interview.

SCREENED OUT    FEB 13 2007    PAGE - 1

RECEIVED CAL APPEALS JAN 11 2007

VELASQUEZ also handed to me a written statement (see attachments) that he wants attached to his validation package.

That was the conclusion of the interview.

### Conclusion

The above information clearly indicates that VELASQUEZ is associating with active EME members and associates. A package is being submitted to the Office of Correctional Safety requesting VELASQUEZ be validated as an active associate of the EME.

cc:  C-File
    Inmate
    LEIU

**M. TAMAYO**
Assistant Institutional Gang Investigator
Investigative Services Unit

**Date:  7/17/06**    CSP-CALIPATRIA
                       (GANG STATUS UPDATE)

**GENERAL CHRONO**

SCREENED OUT    FEB 13 2007

PAGE-2

David Velasquez
CDCR. I.D. No. D-75915
P.O. Box 7500
Crescent City, CA
95531-7500
(Pro Se)

IN THE UNITED DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ
  Plaintiff,

V.

A. BARRIOS et al.,
  Defendants.

CIVIL NO. 07-CV-1130-
LAB (CAB)

(SELF SERVED DECLARATION)

David Velasquez, Plaintiff in the above self serveing declaration in support of motion for appointment of counsel and his 3.3.G.P.L.

Plaintiff is submitting a C.D.C 128-B-2-page general chrono labeled as Exhibit "A" written by a one, gang investigator E. Duarte and upheld by E. Duarte's supervisor a one, M. Tamayo Gang Investigator Investigative Services Unit dated 7/17/06 in CSP-Calipatria State Prison. Please see page one of 128-B chrono: Disclosure and Notification dated July 12, 2006, it envolves me/ plaintiff being investigated and validated on a

07-CV-1130 LAB(CAB)

-1-

"SUPPOSEDLY" PRISON GANG. NOW ON PAGE 1 IT CLEARLY STATES "A REVIEW OF VELASQUEZ'S CENTRAL FILE REVEALED HIS EDUCATIONAL LEVEL G.P.L TO BE 3.3. SEE EX-"A".

NOT TO MENTION I'm IN THE (S.H.U.) ONE OF THE MOST WORST PARTS OF THE PRISON, AND PLAINTIFF HAS TROUBLE GETTING TO THE LAW LIBRARY. PLAINTIFF'S LEGAL MAIL COMES OPENED HALF OF THE TIME WHICH IS A **FEDERAL OFFENSE**. FURTHERMORE PLAINTIFF HAS VERY VERY! LITTLE KNOWLEDGE OF THE LAW. INFACT PLAINTIFF did NOT WRITE THIS MOTION FOR APPOINT-MENT OF COUNSEL, A "JAIL HOUSE LAWYER" BY THE NAME OF S. CHAVEZ, E-15298-C-3-114 WROTE MY MOTION FOR ME. ONE MIGHT ASK WHY?.... WELL IT IS BECAUSE OF MY 3.3. G.P.L. AND ALL THE ABOVE FOREMENTIONED. I, PLAINTIFF RESPECTFULLY ASK THIS HONORABLE COURT TO PLEASE READ WITH CARE AND GRANT PLAINTIFF APPOINTMENT FOR COUNSEL THANK YOU.

(I DECLARE UNDER PENALTY OF PURJERY THAT THE FOREGOING IS TRUE AND CORRECT.

X DATE 7-28-08

X David Velasquez
DAVID VELASQUEZ

07-CV-1130 LAB (CAB)

2.

PROOF OF SERVICE BY MAIL

(C.C.P. Section 1013 #2105.5, 20 U.S.C. 1746)

I, DAVID VELASQUEZ, AM A RESIDENT OF PELICAN BAY PRISON, IN THE COUNTY OF DEL NORTE, STATE OF CALIFORNIA. I AM OVER EIGHTEEN (18) YEARS OF AGE AND AM A PARTY TO THE BELOW NAMED ACTION.

MY ADDRESS IS: P.O. BOX, 7500 CRESCENT CITY, CA. 95531-7500

ON THE ____ DAY OF JULY, IN THE YEAR OF 2008, I SERVED THE FOLLOWING DOCUMENTS: (SET FORTH THE EXACT TITLE OF OF DOCUMENTS SERVED)

ONE/1 MOTION FOR APPOINTMENT OF COUNSEL, CIVIL NO. CV-08-3298-PJH (PR) AND 2/TWO EXTRA COPIES FOR: ATTORNEY GENERAL AND @ JUDGE, AND ONE/1 DECLARATION IN SUPPORT OF MOTION FOR COUNSEL.

ON THE PARTY(S) LISTED BELOW BY PLACING A TRUE COPY(S) OF SAID DOCUMENT ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT PELICAN BAY STATE PRISON, CRESCENT CITY, CA, 95531-7500 AND ADDRESSED AS FOLLOWS:

| U.S. DISTRICT COURT 450 GOLDEN GATE AVE P.O. BOX, 36060 SAN FRANCISCO, CA, 94102-9680 | ONE COPY FOR: A/G |
|---|---|

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED THIS 28th DAY OF JULY, 2008

SIGNED: David Velasquez
(DECLARANT SIGNATURE)

DAVID VELASQUEZ

REV. 12/06



**Providing professional-level education for career development**

RECEIVED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3000

#2

NAME: VELASQUEZ, D-75915
CDC NO: D-75915 HOUSING: C-3 #221
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

(SHU)

**CONFIDENTIAL LEGAL MAIL**

U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

