United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ,

    Petitioner,

vs.

ROBERT A. HOREL, Warden,

    Respondent.
_____/

No. C 08-3298 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is directed to petitioner's "validation" as a member of a prison gang and his consequent placement in the Security Housing Unit ("SHU").

**DISCUSSION**

**I.   Proper Habeas**

It appears that this is a conditions of confinement case, rather than a proper habeas case, because it seems likely that if petitioner prevails here his success would not affect the length of his incarceration. If so, his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under Section 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Petitioner will be ordered to show cause why this case should not be dismissed as not properly brought in habeas. If

petitioner contends that his confinement in the SHU will affect the length of his sentence, for instance by loss of the opportunity to earn good time credits, he should provide information about the length of the term he is serving and explain how lack of good time credits could affect that sentence.

In addition, it appears that petitioner may not have exhausted his state judicial remedies. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner does not say he has filed any state cases involving the gang validation, despite space in the form petition asking for that information, so has not pleaded exhaustion.[1] He will be ordered to show cause why the case should not be dismissed for failure to exhaust.

**II.    Motion for Counsel**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has presented his claims adequately in the petition, and they are not particularly complex.  The interests of justice do not require appointment of counsel.

## CONCLUSION

1. The motion for appointment of counsel (document number 4 on the docket) is **DENIED**.

2. Petitioner's motion to proceed in forma pauperis (document number 3) is **GRANTED**.

3. For the reasons discussed above, petitioner shall show cause within thirty days of the date this order is entered why this case should not be dismissed.  Failure to do so will result in dismissal of the case.

**IT IS SO ORDERED.**

Dated: August 22, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\VELASQUEZ3298.OSC-P.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID VELASQUEZ,

        Plaintiff,

  v.

ROBERT A HORREL et al,

        Defendant.

Case Number: CV08-03298 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Velasquez D-75915
C-3-221 (SHU)
P.O. Box 7500
Crescent City, CA 95531-7500

Dated: August 22, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk